STATE of Missouri, Respondent,

v.

James Betts THOMAS, Appellant.

No. 53397.

Supreme Court of Missouri,
Division No. 2.

Nov. 12, 1968.

Norman H. Anderson, Atty. Gen., Richard R. Nacy, Jr., Special Asst. Atty. Gen., Jefferson City, for respondent.

Herbert D. Schaeffer, Clayton, for defendant-appellant.

PRITCHARD, Commissioner.

Appellant was convicted by the verdict of a jury for the possession of a narcotic drug, 43 milligrams of heroin. Upon proof and a finding of a prior 1953 grand larceny conviction, the court sentenced appellant to eight years imprisonment in the Department of Corrections of Missouri.

The sufficiency of the evidence to sustain the conviction is not here challenged. Appellant urges that he is entitled to a reversal and a new trial because (I) "The Assignment Court erred in not allowing a Defendant or his representatives to post a bond for his release from custody"; (II) the trial court abused its discretion in refusing to grant a continuance; (III) that he was forced to trial with such expedition as to deprive him of the effective assistance of counsel; and (IV) the court erred in trying him under § 195.200, paragraph 1 (2), instead of § 195.200, para-

graph 1 (1) (RSMo 1959, V.A.M.S.), because the incorrect punishment provision would adversely change the ratio of peremptory challenges (§ 546.180, RSMo 1959, V.A.M.S.) of the jury panel for him as a first (narcotics) offender than given to a second offender under said paragraphs.

Appellant was arrested on suspicion of having violated the narcotics laws, along with four men known by officer Barton to have been narcotic users, on April 14, 1967, in front of an apartment building at 5977 De Giverville in St. Louis, Missouri. Barton summoned help from the police. Officer Swatek ordered appellant to remove his right hand from his pocket. Appellant objected, because he had already been searched, but finally did so. He had currency, coins and a ring of keys in his hand, and as he was putting them back in his pocket a small white capsule fell from the back of his hand to the ground. Appellant immediately put his foot on the capsule and began scraping his foot around on it. The officers removed appellant's foot from the capsule and Swatek picked it up, it being about an inch long and containing a white powder. By laboratory analysis, the powder proved to be .043 grams of heroin.

Appellant's preliminary hearing was had on May 11, 1967, in the St. Louis Court of Criminal Correction, he being then represented by counsel Julian Consentino. Appellant pleaded not guilty at his arraignment in Circuit Court with George Hubel from the Public Defender's office who appeared as counsel for that purpose only. Trial was then first set for June 12, 1967. George T. Williams was appointed as counsel on May 17, 1967, and was permitted to withdraw on May 25, 1967, when appellant's present counsel, Mr. Schaeffer, was appointed to represent him. On June 14, 1967, the case "was continued for the defendant until September 18, 1967."

Counsel for appellant filed an affidavit and motion for continuance on September 20, 1967. As grounds for the motion, counsel stated that he had been unable to locate the witnesses who were with appellant at the time of the arrest; that appellant had been unable to locate and speak to those witnesses due to the fact that he had been in confinement in the City of St. Louis jail and was unable to raise bail or make bond; that the family of appellant was then ready to post property in the City of St. Louis as bond for appellant's release; and it was requested that the court grant a continuance for not less than 30 days to give appellant an opportunity to find his witnesses. Upon a pre-trial conference upon this motion counsel stated that appellant had been in custody for the whole period of time during which he stated that there were witnesses he knew of only by the first name but knew where they could be found; that upon diligent search by counsel these people would not make themselves known to him; that appellant and his family have been unable to make bond or raise bail until Monday of the week (September 18, 1967) when persons of the family came forward to post property for the bond, which was refused by the Assignment Division; that appellant has been unable to get out of jail and obtain his witnesses to bring them forward; by reason of which counsel, in his opinion, was unable to prepare an adequate defense for appellant; and that appellant requested any continuance to enable him to locate and bring the witnesses forward so that an adequate defense could be made to the serious charges which could mean a long-time confinement.

The state announced ready for trial, and the court overruled appellant's motion: "considering the state of the Court's docket—the fact that this case has been assigned out to trial * * * The Court having considered the motion the Court feels that the motion comes too late; that there's been adequate time to develop this case, and that the case is assigned out to trial; that a jury has been summoned and is available for trial; that the State is ready, and the motion is overruled."

Under § 545.720, RSMo 1959, V.A.M.S., and Supreme Court Rule 25.08, V.A.M.R., the contents of an affidavit for continuance on account of absence of evidence must show the materiality of the evidence expected to be obtained; that due diligence has been used to obtain it; where the evidence may be; if it is for an absent witness, his name, his residence or where he may be; the probability of procuring his testimony, and within what time, what facts he believes the witness will prove, and that he believes them to be true, and that he is unable to prove such facts by any other witness whose testimony can be as readily procured, and that the witness is not absent by the connivance, procurement or consent of the defendant, and what diligence, if any, has been used in the premises by the defendant, and that the application is not made for vexation or delay merely, but to obtain substantial justice on the trial of the cause.

 Appellant concedes in his brief that bail was set for him, but the amount of bond therefor is nowhere stated. It is not contended that the amount of bond as set was excessive so as to make it an impossibility for appellant to post it for his release. There is no reference whatsoever in the record as to what occurred when an application for bond was presented to the judge of the Assignment Division on September 18, 1967. There is no way of ascertaining whether the security offered at that time was sufficient, or if the bail bond tendered was in proper form. Appellant states in his brief that his $8,000 appeal bond was secured by the same property which was refused in the Assignment Division in the first instance, but the record does not support that conclusion. There is no showing that the refusal of the Assignment Division to approve the security for bond was arbitrary so as to deprive appellant of his constitutional right to be free upon bond (Mo. Const.1945, Art. I, § 20, V.A.M.S.). This contention is tied to appellant's further argument that he should have been free on bail bond so he could find witnesses to present in his defense, which witnesses he claims could be found by him only. In this connection, appellant's application for a continuance is insufficient to comply with the above statute and rule. He has not alleged the names (even the first names) of the witnesses he desires; their residence or whereabouts; the probability of obtaining their testimony and within what time; what facts he believes the witnesses will prove, and that he believes such facts to be true, and could not be proved by any other witnesses; and that the absence of witnesses was not brought about by the connivance, procurement or consent of appellant. Diligence in locating any of such witnesses is not alleged or shown (counsel states that he made one attempt to find one witness, and none would come forward) and the record shows that almost four months elapsed between appointment of counsel and the date the case was set for trial. No unusual or extraordinary circumstances are shown to have existed. The trial court has great discretion in granting or denying a continuance, and "it requires a very strong showing to induce the higher court to interfere, and it will disturb the action of the trial court only where a clear abuse of discretion is shown. (Citing authority and cases)." State v. Amerison, Mo., 399 S.W.2d 53, 55. See also State v. Boykins, Mo., 399 S.W.2d 70, 73. The record does not show that appellant was denied bail bond arbitrarily, or that the trial court abused its discretion in denying his motion for continuance. There was no insistence upon an expedited trial in the face of any *justifiable* request for a delay as would render the right to defend with counsel an empty formality within appellant's quotation from Ungar v. Sarafite, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921, 931; and his cases of White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348, 1352, and Nilva v. United States, 352 U.S. 385, 77 S.Ct. 431, 1 L.Ed. 2d 415, 423. Related Points I, II and III are ruled against appellant.

Forty persons as prospective jurors were sworn as a panel before the voir dire examination was conducted. Thirty-four of these persons were qualified, of whom the state struck ten and appellant struck twelve as peremptory challenges. This number of peremptory strikes is based upon the penalty provisions of § 195.200, subd. 1 (2), RSMo 1959, V.A.M.S.: "For the second offense under this chapter, other than selling, giving or delivering of any narcotic drug, or in the case of a first conviction, under this chapter for an offense other than selling, giving or delivering of any narcotic drug, if the person has previously been convicted of any felony violation of the laws of this state, or of the United States, or of any other state, territory or district relating to narcotic drugs, by imprisonment in a state correctional institution for a term of not less than five years nor more than life imprisonment." Appellant contends that his previous felony conviction, as charged, being for grand larceny, is not a narcotics offense within the above quotation, "if the person has previously been convicted of any felony violation of the laws of this state," which must be read with the ensuing phrase "relating to narcotic drugs." He contends that paragraph 1(1) of § 195.200 is applicable to the charge with a penalty limited to twenty years imprisomment, hence § 546.180, subd. 2 (2) (b), gives him eight strikes and the state four strikes, a ratio more favorable to him than under the heavier penalty paragraph 1 (2), supra.

■■■ Section 195.200, subd. 1 (2), supra, is not clearly written but, if fairly read, the second offense, the first conviction and the previous conviction of any felony violation of the laws of this state are modified by the subsequent phrase "relating to narcotic drugs." The heavier penalty is meant to be imposed only for repeated narcotic offenders. Thus, appellant's offense, as charged, was a first narcotic offense, and § 195.200, subd. 1 (1), applied. On peremptory strikes of the jury panel, appellant should have been allowed eight and the state four under § 546.180, subd. 2 (2) (b), supra, with only twenty-four veniremen qualified instead of thirty-four as was provided. However, appellant made no challenge whatsoever as to the impaneling of the jury prior to its being sworn. His objection came after the trial was completed, as contained in his motion for new trial and argued to the trial court on the hearing of the motion. In this circumstance, controlling is State v. Donnell, Mo., 387 S.W.2d 508, 514 [10, 11], concerning a point of an insufficient number of veniremen being called for the jury panel. The court said, "If these statements are true, the question was merely one of error and not of jurisdiction, and it must have been preserved by appropriate objections or motions before the jury was sworn. (Citing cases)." See also State v. McQuerry, Mo., 406 S.W.2d 624, 630 [11, 12]. Appellant's Point IV is therefore overruled.

The information charging the previous grand larceny offense and the subsequent narcotic offense is sufficient, and the court found the previous felony conviction. The jury responsively found appellant guilty of the offense of illegal possession of a narcotic drug as charged. The court assessed punishment, heard the motion for new trial, overruled it, granted allocution, entered judgment and sentence, which was within the permissible range of punishment under said § 195.200, subd. 1 (1), against appellant as a first narcotic offender. The sentence, however, was imposed under the second offender act, § 556.280, RSMo 1959, V.A.M.S. All of said matters are in compliance with Supreme Court Rule 28.02, V.A.M.R.

The judgment is affirmed.

BARRETT, and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.