**James Betts THOMAS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56334.**

Supreme Court of Missouri,
Division No. 2.

Dec. 13, 1971.

Motion for Rehearing or to Transfer to Court
En Banc Denied Jan. 10, 1972.

Bernard N. Frank, Thompson, Walther, Shewmaker & Gaebe, St. Louis, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

This is an appeal from the denial, after evidentiary hearing, of appellant's motion pursuant to Rule 27.26, V.A.M.R., to set aside judgment of conviction and sentence to imprisonment for eight years for the illegal possession of heroin. Appellant's only contention is that he was denied effective assistance of counsel.

The reported opinion on appellant's direct appeal, State v. Thomas, Mo., 433 S. W.2d 537, relates the following facts which brought about the charge against him and his conviction. Appellant was arrested on April 14, 1967, on suspicion of possessing

narcotics, and during the search appellant dropped a capsule to the ground and immediately began scraping it with his foot. The police officers recovered the capsule which contained heroin.

The issue here presented is whether there was ineffective assistance of counsel in the constitutional sense when as a matter of trial strategy with the express approval of accused, counsel did not cross-examine the witnesses for the State, and did not present any evidence in behalf of the accused or make oral argument to the jury. In appellant's brief it is also pointed out that counsel made no opening statement and did not object to any evidence offered by the State. However, when no evidence is offered on behalf of the accused an opening statement would hardly be expected, and appellant makes no effort to show that any evidence was offered by the State which was subject to an objection for any reason.

The factual background leading up to the trial is essential to an understanding of the issue.

Appellant's counsel talked to him and discussed the charge and possible defenses. Appellant gave his counsel the name and address of one possible witness, and either the first names or some other lead to locate three other witnesses. As to what they could or would testify is not shown. However, counsel could not locate any of the witnesses. The case had previously been continued "for the defendant" from June 14, 1967, "until September 18, 1967." On September 20, 1967, appellant sought another continuance for the reason his prospective witnesses could not be found. But, in his application no names were set forth, the substance of their expected testimony was not shown, and there was no attempt to demonstrate how their expected testimony would be material to a defense of the charge. The request for this second continuance was denied, and the denial was affirmed by this court. State v. Thomas, supra.

Counsel testified at the hearing on the motion that he discussed with appellant the question of the request for a continuance, and after the request was denied he advised appellant as follows: "I didn't think there would be a possibility of winning this case merely on cross-examination of the police officers which were the only witnesses endorsed, and that without the witnesses that we had been trying to find there was no chance, in my opinion, of getting a jury verdict, [and] being forced to trial when I was so close to being able to obtain witnesses was, in my opinion, unfair, and that I couldn't be prepared as a defense counsel should be to try the case, * * *." Counsel also testified that he advised appellant not to testify because of his prior convictions, that he had no evidence to present, and that he did not make a closing argument because he "had nothing to argue." He made no objection to any instruction, but he believed there was nothing wrong with them. We note that appellant does not now attempt to demonstrate that any instruction was erroneous. He testified further that he took the course of action he did because he "could not put on an adequate defense," and in his opinion he had been prevented from "presenting any type of defense which would be beneficial," and that the court had committed error in refusing the continuance.

The transcript of appellant's trial shows that at the close of the evidence on behalf of the State the following occurred:

Mr. Schaeffer: Your Honor, the defendant still stands mute and objects to the trial at this time on the grounds as stated—denial of due process, denial of rights to bail, denial of his motion for continuance, and the other exceptions as stated, and continues his objection to the trial of this case.

The Court: I ask you again—you have discussed with the defendant your position in this case, have you?

Mr. Schaeffer: Yes, Your Honor.

The Court: Mr. Thomas, you have discussed with your counsel the position you have taken in this case, have you?

Mr. Thomas: Yes, sir.

The Court: And, it's in—it's with your accord—you agree to the position your counsel is taking in this case, is that right?

Mr. Thomas: That's right.

At the hearing on the motion appellant testified that "at that time" he agreed with the way his counsel was trying his case, but he also testified that his counsel did not discuss with him whether he should make an opening statement, introduce evidence, object to instructions, or make an oral argument. He further testified that he said nothing to the trial judge to the effect that he disagreed with his counsel's trial tactics because "I don't know about tactics he was using—I don't know too much about law, period."

In detailed and complete findings of fact and conclusions of law, the trial court found in effect that the course of action taken by appellant's counsel was a calculated trial tactic, and that it was done with full and complete knowledge of appellant with his express approval. In conclusion the court stated that "To hold that movant could by post conviction processes obtain a reversal of the verdict and judgment on the grounds that counsel was incompetent, when all actions of counsel were intentional, were with his knowledge, consent, acquiescense and concurrence, would be a travesty and create a condition inimical to the proper functioning of the courts and seriously hamper the courts in disposing of their calendars."

With the express approval and consent of appellant, counsel followed a course of conduct which, based on his professional judgment, he had determined was the best trial strategy in view of the State's evidence, the lack of defense witnesses, and the failure to obtain a continuance. Appellant makes no attempt to demonstrate that any objection to evidence or to the instructions should have been made, and counsel cannot be held derelict in duty for not making unmeritorious objections. Neither does appellant attempt to demonstrate that he had a defense to the charge which could have been presented or aided by the cross-examination of any witness. Assuming the issue of the refusal to grant a second continuance to permit more time to locate witnesses is a matter to be considered, which we doubt in view of the result on appeal, appellant now makes no effort to demonstrate that the testimony of those witnesses would have been helpful or even material, and more important, he makes no showing as to what he thinks counsel should have done concerning the continuance that he did not do. As noted, his counsel did appeal and present that issue, but the refusal to grant the continuance was affirmed.

■ Counsel has broad latitude in the conduct of the defense of a criminal prosecution, and he is not to be adjudged incompetent and his client deemed to have been denied effective assistance of counsel by reason of trial strategy which did not produce an acquittal or some other desired result. As stated in State v. Wilkinson, Mo., 423 S.W.2d 693, "Trial strategy, even though unsuccessful, is an inadequate basis for an attack on the competency of counsel, and this rule has been applied where counsel refrained from cross-examination or from calling certain witnesses, or where counsel decided that accused should not take the stand."

Appellant admits that "at the time" the trial strategy of his counsel had his complete approval, but he now contends, in effect, that he did not appreciate the legal significance of it. If this contention is held to justify the relief sought, conflicting principles result. Counsel is required in a criminal prosecution because an accused is deemed not to be capable of self-representation, but the trained counsel would not be permitted to exercise his professional judgment as to trial strategy if in retrospect the untrained accused disagreed with it.

Also, to sustain appellant's contention, which would invest him with control of trial strategy, the procedure followed in this case would present an absolute barrier to a final conviction of an accused who authorized or directed his counsel to follow it.

 Appellant and his counsel intentionally and understandingly followed a course of trial strategy and "gambled" on its success. Because that strategy did not produce the desired result, appellant should not now be entitled to try a different strategy before a different jury. The findings of the trial court are not clearly erroneous.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.