**Archie L. LAHMANN, Plaintiff-Appellant,**

v.

**STATE of Missouri, Defendant-Respondent.**

No. 35032.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 7, 1974.

Fred Rush, St. Charles County Public Defender, St. Charles, for plaintiff-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Robert Presson, Asst. Attys. Gen., Jefferson City, David A. Dalton, Pros. Atty., Dale Rollings, Sp. Pros. Atty., St. Charles, for defendant-respondent.

SIMEONE, Judge.

This is an appeal from an order of the circuit court of St. Charles County entered after an evidentiary hearing denying movant-appellant's motion pursuant to Rule 27.26, V.A.M.R. to vacate sentence imposed for the offenses of burglary second degree and stealing.

Appellant, Archie Lahmann, was tried in November, 1969 and sentenced on February 2, 1970 on charges of burglary second degree and stealing and the conviction was affirmed. State v. Lahmann, 460 S.W.2d 559 (Mo.1970).

On March 18, 1971 he filed his motion to vacate in the circuit court of St. Charles County alleging as grounds of his motion that (a) "This Court refused petitioner a preliminary hearing with counsel present" and (b) "This Court denied petitioner the right to competent and effective counsel."

An evidentiary hearing was held at which movant and his former attorney,

Ronald L. Boggs, were the principal witnesses.

After being charged with the offenses of burglary and stealing movant first appeared in magistrate court on June 18, 1969, and the right to obtain counsel was explained. The preliminary hearing was set for and heard on June 26, 1969. At the preliminary hearing on that date he appeared without counsel and was questioned whether he desired to hire an attorney or whether he desired the court to appoint one. Movant desired to hire his own counsel and desired a continuance to do so. The court indicated that it would grant a one-day continuance to employ counsel, but movant indicated he needed more time. The continuance was denied and the preliminary hearing was held without counsel.

Sometime early in July and prior to July 18, 1969, movant employed Ronald L. Boggs as counsel. On July 18, 1969 Boggs filed a motion to remand the cause for a preliminary hearing with the assistance of counsel. This motion was denied on August 4, and on that date movant entered a plea of not guilty. At defendant's request, the cause was continued until November 25, 1969. During that period movant met with counsel three or four times. The day before trial movant informed Boggs that he did not wish to be represented by Boggs and wanted to obtain a different attorney. The reason that movant gave was that petitioner "had not told him [Boggs] everything." Sometime prior to the trial a "joint decision" was reached that Boggs would sit mute during the trial because no attorney was present at the preliminary hearing, the court denied a continuance and because movant no longer wanted Boggs as his attorney. The "agreement" was somewhat "of instructions [from movant] and somewhat of an agreement."

While not all the facts concerning this decision were detailed in the evidentiary hearing on the motion, they are related in State v. Lahmann, supra.

After the evidentiary hearing the trial court made findings of fact and conclusions of law. The court found *inter alia* that (1) while petitioner does not have an abundance of formal education, he is "articulate, possesses an average or better command of the English language and expresses himself clearly, (2) that in the Magistrate Court he was granted time to employ counsel for preliminary hearing but that he failed to do so although ample explanation was made of his right to obtain counsel, (3) petitioner was not represented by counsel at the preliminary hearing on June 26, 1969, (4) the first time petitioner told counsel he did not want him to defend him was the night before trial for the reason that he has not told counsel everything, (5) petitioner "ordered" his counsel to sit mute during the trial and that this tactic was employed because the trial court refused to grant a continuance to employ other counsel, and that this tactic was agreed upon between movant and counsel for the purpose of injecting error, and (6) the grounds set forth in his motion to vacate the sentence had been ruled upon in his direct appeal.

The court, therefore, concluded that (1) failure and refusal to obtain counsel at preliminary hearing constituted a waiver, (2) even in the absence of waiver the circuit court was not required to remand for a preliminary hearing with counsel present because the hearing was conducted prior to Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970) which is not retroactive, (3) that counsel "diligently and effectively attempted to represent" petitioner, (4) that the "order" to sit mute was made at the behest of the petitioner after consultation with his attorney, so that it cannot be said that he has been denied the "effective assistance of counsel at his trial." The motion was therefore denied.

On this appeal movant contends (1) that the court erred in finding that he waived his right to an attorney at the preliminary hearing in the magistrate court and in

finding that he was not entitled to have the cause remanded to the magistrate court for a preliminary hearing with counsel present, and (2) that the court erred in finding that he was not denied effective assistance of counsel.

A motion filed under Rule 27.26 is, of course, an independent civil action which is governed, so far as is applicable, by the Rules of Civil Procedure. Rule 27.-26(a). In such a proceeding the burden is on the petitioner to establish by a preponderance of the evidence the relief sought. Beach v. State, 488 S.W.2d 652, 656 (Mo. 1962). Upon our review of the order of the trial court we are limited to a determination of whether the findings, conclusions and judgment are "clearly erroneous." Rule 27.26(j); Crosswhite v. State, 426 S. W.2d 67, 70 (Mo.1968); Walster v. State, 438 S.W.2d 1, 2 (Mo.1969); Shoemake v. State, 462 S.W.2d 772, 775 (Mo. banc 1971). A finding is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been committed. Crosswhite v. State, supra, 426 S.W.2d at 70–71. We must give due regard to the trial judge's opportunity to hear the witnesses and to defer to its determination of credibility unless it clearly and convincingly appears that it has abused its discretion. Walster, supra; Brown v. State, 495 S.W.2d 690 (Mo.App. 1973).[1]

While an accused is entitled to the effective assistance of counsel, movant has a heavy burden to carry to show ineffectiveness. Counsel is vested with broad latitude and he is not to be adjudged incompetent and the movant denied effective assistance by reason of what, in retrospect, appears to be error of judgment. Hall v. State, 496 S.W.2d 300, 303 (Mo.App.1973) and cases cited therein. Counsel has broad latitude in the conduct of defense and cannot be adjudged incompetent and the client deemed to be denied effective assistance of counsel by reason of trial strategy which did not produce an acquittal or some other desired result. State v. Wilkinson, 423 S. W.2d 693 (Mo.1968); State v. Worley, 371 S.W.2d 221, 224 (Mo.1963); Frand v. United States, 301 F.2d 102, 103 (10th Cir. 1962).

Under these principles we are convinced, after examining the transcript and the briefs and cases cited therein that the trial court did not err in denying appellant's motion to vacate sentence.

Petitioner made similar claims on his direct appeal that he has made in this motion. On direct appeal he contended that it was error for the court to overrule his motion to remand his case for preliminary hearing with the assistance of counsel. His argument was that he was thus deprived of his right to a fair trial under Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). The Supreme Court rejected this contention holding that petitioner's case was tried before Coleman v. Alabama was decided, June 22, 1970, and "appellant does not undertake to demonstrate how he might otherwise have been prejudiced by the court's ruling." "Consequently, on this point," the Court stated, "suffice to say that considerations, if any, arising from Coleman v. Alabama are not applied retroactively." State v. Lahmann, supra, 460 S.W.2d at 564; Adams v. Illinois, 405 U.S. 278, 285, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972); Hamel v. State, 508 S.W.2d 288 (Mo.App.1974); Rule 23.03; State v. Caffey, 457 S.W.2d 657, 663 (Mo.1970).

Therefore, even in the absence of a waiver of counsel at preliminary hearing, there was no requirement at that time that counsel be provided at that stage of the proceeding. The trial court also found that, in any event, petitioner waived counsel at preliminary hearing. We cannot say that under the circumstances this finding

---

1. For a full discussion of post-conviction relief, see Anderson, Post-Conviction Relief in Missouri—Five Years Under Amended Rule 27.26, 38 Mo.L.Rev. 1 (1973).

was clearly erroneous. Movant had some eight days to procure counsel and did not do so; he knew the preliminary hearing was to be held on June 26, 1969; his right to counsel was explained; he was found to be an "articulate" person and found to "possess[es] an average or better command of the English language and express[es] himself clearly."

The court did not err in finding that petitioner waived his right to an attorney at the preliminary hearing and did not err in finding that petitioner was not entitled to have the cause remanded for a preliminary hearing with counsel present.

Neither can we say under these circumstances movant was denied effective assistance of counsel. Counsel for petitioner sat mute during the trial as a result of a "joint" decision or agreement between petitioner and counsel and because petitioner instructed counsel to do so, for the purpose of injecting error into the proceedings.

In Thomas v. State, 475 S.W.2d 98 (Mo.1971), counsel for defendant failed to cross-examine state witnesses, did not present any evidence on behalf of the accused and failed to make any oral argument to the jury. These tactics were done with the knowledge and approval of defendant. Following conviction, motion to vacate was filed, alleging denial of effective assistance of counsel. Our Supreme Court affirmed the denial of the motion and held that this course of action was a calculated trial tactic done with knowledge and approval of appellant. "[T]o sustain appellant's contention . . . the procedure followed in this case would present an absolute barrier to a final conviction of an accused who authorized or directed his counsel to follow it." 475 S.W.2d at 101.

The tactic of counsel sitting mute during the trial was with the knowledge and approval of the appellant, and found by the trial court to be "ordered" by him and agreed upon between petitioner and his counsel. To hold that a movant could by a motion to vacate obtain a reversal of the conviction on the ground that counsel was ineffective when counsel's actions were with the knowledge, approval and under the direction of the accused would create a condition inimical to the proper functioning of the courts.

Appellant and his counsel intentionally and knowingly followed a course of action and "gambled" on its success. Because the strategy did not produce the desired result, appellant should not be entitled to a new strategy before a new jury in a new trial.

The court did not err in finding, under the circumstances presented, that appellant was denied the effective assistance of counsel.

On the whole, we cannot say the findings and conclusions of the trial court are clearly erroneous.

The order denying the motion is affirmed.

DOWD, C. J., and WEIER and KELLY, JJ., concur.