**STATE of Missouri, Respondent,**

v.

**Reginald BULLOCK, Appellant.**

**No. WD 33967.**

Missouri Court of Appeals,
Western District.

May 31, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Aug. 2, 1983.

Application to Transfer Denied Sept. 20, 1983.

Thomas J. Marshall, Public Defender, Moberly, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., DIXON and NUGENT, JJ.

CLARK, Presiding Judge.

Reginald Bullock, an inmate of the Missouri Training Center for Men in Moberly, was charged in two counts with offering violence to prison guards by striking them with his fists. A jury found him guilty on both counts and the court imposed sentence on Bullock as a persistent offender. Affirmed.

In his first point, Bullock contends the evidence was insufficient to make a submissible case. The evidence tending to support the finding of guilt supplied the following facts. On the evening of July 18, 1981, Bullock was observed entering the central rotunda of the prison by Edgar Hunt, a guard. Bullock then proceeded toward an exterior door leading from the building to the prison yard. Hunt intercepted Bullock and told him the yard was closed and he could not leave the building. When Bullock said he was going anyway, Hunt telephoned the control center and was instructed by the officer in charge to lock Bullock in administrative segregation.

As Hunt, assisted by Robert Wilson, another guard, attempted to escort Bullock to

the segregation unit, he broke free, struck both Hunt and Wilson, and fled out the door into the prison yard. Hunt and Wilson followed Bullock and caught him some fifty or seventy-five yards outside the building where Bullock struck Wilson again. Bullock was eventually subdued and removed to the segregation unit.

The foregoing facts were recounted to the jury by Hunt, Wilson and a third guard, Darrell Ridgeway, who was working in the rotunda and who assisted in the chase of Bullock when he left the building. On appellant's behalf, three witnesses, all inmates, testified that Bullock did not strike the guards and Bullock testified similarly in his own defense. He now asserts that the evidence given by the guards was not sufficient substantial evidence to sustain the verdicts.

■ It is well settled that when the sufficiency of the evidence is considered, all evidence in the record which supports the verdict, together with all appropriate inferences is taken as true and no consideration is given to adverse evidence or inferences. Appellate review is limited to determining whether there was sufficient evidence from which reasonable persons could have found the defendant guilty as charged. *State v. Burnau,* 642 S.W.2d 621, 623 (Mo. banc 1982).

■ There was in this case no issue made as to Bullock's status as a prison inmate nor was there any question that Hunt and Wilson were prison guards. The only fact question was whether Bullock offered violence to the guards by striking them with his fists. The contention Bullock now makes as to the sufficiency of the evidence is merely an argument that as to the issue of offering violence, his evidence should be accepted and the testimony by the guards should be rejected. It is, however, not the function of this court to weigh the evidence. Our review is limited to determining whether there was sufficient evidence from which reasonable persons could have found the defendant guilty as charged. *State v. Kelly,* 539 S.W.2d 106, 109 (Mo. banc 1976). Viewing the evidence in the light of the

controlling authority, there can be no doubt but that a submissible case was made.

■ In his second point, Bullock complains that error resulted when the state was permitted on the day of trial to amend the information to add the allegation charging him as a persistent offender. The amendment occurred before selection of the jury began and was pursuant to a motion filed by the state ten days earlier with notice to the defendant at that time. The contention made on this point is that the amendment injected a substantial increase in potential sentence and on this account, Bullock should have been given a preliminary hearing because a different offense was charged.

This same contention was made and rejected in *State v. Jackson,* 627 S.W.2d 880 (Mo.App.1981) where it was held that invocation of the Persistent Offender Act does not create a different or additional charge. Moreover, in the present case, Bullock had ample notice of the proposed amendment, but he sought no continuance and has neither claimed nor suggested any prejudice attributable to the amendment of the information. That amendment was within the purview of Rule 23.08 and the trial court was correct in overruling Bullock's general objection to the amendment.

In his third and final point, Bullock argues that the trial court abused its discretion in overruling the motion of defense counsel to withdraw on the morning of trial. The issue was first presented on January 11, 1982 when Bullock filed a pro se motion for appointment of new counsel. His motion asserted that his attorney had not conferred with him "concerning the manner in which the defendant desires his case to be presented to the court." The motion also referred to the caseload of the public defender and what Bullock characterized as an attitude of indifference. The court overruled the motion but continued the trial setting from February 16 to April 15.

On the morning of trial, defense counsel, at the instruction of Bullock, filed a motion

to withdraw. In support of the motion, Bullock testified that he wanted another lawyer because his appointed attorney "doesn't know anything about the law" and couldn't assist Bullock. The motion was overruled and Bullock now claims he was entitled to appointment of other counsel because of irreconcilable conflict.

The situation of irreconcilable conflict exists when there is a total breakdown of communication between attorney and client. *State v. Turner,* 623 S.W.2d 4, 11 (Mo. banc 1981), *cert. denied,* 456 U.S. 931, 102 S.Ct. 1982, 72 L.Ed.2d 448 (1982). Nothing in the record here and in the evidence on which Bullock relies indicates there was such a problem in this case. To the contrary, there appears to have been substantial interchange between Bullock and his attorney as indicated by the fact that five witnesses testified on direct examination for the defense and documentary evidence consisting of Bullock's medical records was offered. The trial record confirms Bullock to have been ably represented and suggests no conflict whatever giving substance to the claim that new counsel should have been appointed.

■ The ultimate determination of whether a particular attorney should be permitted to withdraw as defense counsel is within the sound discretion of the trial court. *State v. Gregory,* 595 S.W.2d 798, 800 (Mo.App.1980). We find no abuse of discretion in the denial of the motion in this case.

The judgment is affirmed.

All concur.