**STATE of Missouri, Respondent,**

v.

**Frank Russell RICHARDSON, Appellant.**

**No. WD 37875.**

Missouri Court of Appeals, Western District.

Oct. 14, 1986.

Gary L. Stamper, Columbia, for appellant.

Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, MANFORD and GAITAN, JJ.

GAITAN, Judge.

Defendant, Frank Russell Richardson, appeals from a conviction for first degree burglary, first degree robbery, and armed criminal action, §§ 569.160, 569.020, 571.-015 RSMo.1978 respectively. Defendant appeals alleging as trial court error the following: (1) denial of defendant's request for a continuance; and (2) overruling defense counsel's motion to withdraw as well as defendant's pro se motion to remove counsel. The judgment of the trial court is affirmed.

Defendant was charged by information on August 15, 1985 with first degree burglary, first degree robbery, and armed criminal action. The cause proceeded to a jury trial on November 20, 1985 in the Circuit Court of Boone County. Immediately prior to trial, defendant made a motion for a continuance, defense counsel made a motion to withdraw, and defendant made a pro se motion to remove counsel.

The facts relevant to the two points on appeal are as follows: The information in this case was filed on August 15, 1985. On September 11, 1985, defendant moved for a continuance on the grounds that there was an insufficient time to interview the witnesses in this case. The court granted this motion on September 12. On September 25, defendant notified the state of additional alibi witnesses; accordingly, the state moved for a continuance which was granted on September 25.

On October 15, defendant's retained defense counsel. Charles W. Franklin entered an appearance on behalf of defendant to present a Motion for Bond Reduction. Then on October 26, Franklin, on behalf of defendant, moved for a third continuance on the basis of inadequate time to prepare for trial. Defense counsel also moved to withdraw and on October 31, 1985, the court granted the motion for continuance and indicated that defense counsel would be permitted to withdraw if defendant obtained new counsel by the time of the resetting of the trial date of November 20, 1985.

Defendant filed a pro se motion for dismissal and withdrawal of this attorney due to irreconcilable conflicts on November 5. On November 14, defendant, through Franklin, moved for counsel to withdraw because defendant refused to cooperate with counsel and would not leave his prison cell to meet with counsel. Finally, immediately prior to trial, defendant made a pro se motion to continue the case and defense counsel moved to withdraw on the basis that defendant wished to obtain other counsel and that defense counsel was not adequately prepared for trial.

At trial, the court indicated that defendant had already received the third continuance to obtain other counsel on October 31 and that the court had indicated it would permit defense counsel to withdraw if substitute counsel was obtained. When the court overruled the motions, defendant instructed his counsel to not participate in the trial. Defendant persisted in request-

ing to make *pro se* arguments to the jury and to cross-examine witnesses; however, the court indicated that defendant would either proceed *pro se* or through his attorney. Defendant continually stated he wanted to be represented by an attorney, but that he wanted a different attorney.

Although defendant was represented by counsel, he made a *pro se* motion on November 20 stating that he wanted substitute counsel. The determination of whether an accused may participate in a trial is within the discretion of the trial court. *See State v. Williams,* 681 S.W.2d 948, 951 (Mo.App.1984).

Defendant argues that counsel was not adequately prepared and that he wanted to obtain the presence of alibi witnesses. However, defendant also failed to comply with Supreme Court Rule 24.10 requiring the application to provide details concerning the witnesses. Failure to comply with this rule would alone be sufficient to uphold the trial court's discretion in denying the motion. *State v. Cuckovich,* 485 S.W.2d 16, 21 (Mo. banc 1972); *State v. Diamond,* 647 S.W.2d 806, 808 (Mo.App., E.D.1982).

However, we will review this issue ex gratia. The granting of a continuance is within the sound discretion of the trial court; appellant must make a "very strong showing" that the trial court abused its discretion. *State v. Nave,* 694 S.W.2d 729, 735 (Mo. banc 1985); *cert. denied,* — U.S. ——, 106 S.Ct. 1500, 89 L.Ed.2d 901 (1986); *State v. Winston,* 627 S.W.2d 915, 917–18 (Mo.App.1982). Appellate courts will not interfere with a trial court's exercise of discretion unless it clearly appears that it has been abused, and the appellate court will indulge every intendment in favor of the trial court. *Winston,* at 917.

■ First, the trial court denied the motion for continuance so that defendant could obtain substitute counsel.

The granting of a continuance that defendant might secure substitute counsel once trial has commenced is within the trial court's sound discretion, tempered by the public's need for effective admin-

istration of justice, and this discretion will not be lightly disturbed especially when it appears the accused was not denied skilled and competent representation.

*State v. Turner,* 623 S.W.2d 4, 11 (Mo. banc 1981) *cert. denied,* 456 U.S. 931, 102 S.Ct. 1982, 72 L.Ed.2d 448 (1982). *State v. Burns,* 537 S.W.2d 860, 863 (Mo.App.1976). Defendant was given the chance to obtain substitute counsel on October 30 and in fact could have sought substitute counsel from the time defense counsel entered his "limited" appearance on October 15. Defendant was on notice that the court would not permit defense counsel to withdraw if substitute counsel was not obtained within that month and therefore, the court did not abuse its discretion. The morning of trial, defendant alleged that he had tried to obtain substitute counsel but that he was unable to reach the counsel.

■ Defendant is responsible for the fact that defense counsel was not adequately prepared. Defense counsel entered his appearance approximately one month before trial and was on notice of the court's conditional ruling on October 30. "The fact that defense counsel is not adequately prepared for trial is not ground for a continuance if counsel has had an adequate opportunity to prepare for trial." *State v. Wade,* 666 S.W.2d 869, 871 (Mo. App.1984) (three weeks was adequate time to prepare for trial); *See also State v. Berger,* 618 S.W.2d 215, 217 (Mo.App.1981). Defense counsel indicated in his November 14 motion that defendant refused to cooperate and meet with defense counsel. Moreover, defendant had presented the alibi witness' names on September 25. It is clear that any complaint that defense counsel had an inadequate time to prepare for trial was caused solely by defendant's failure to cooperate. *State v. Windle,* 615 S.W.2d 563, 565 (Mo.App.1981). *See also City of Kansas City v. Wiley,* 697 S.W.2d 240, 242 (Mo.App.1985).

The court did not abuse its discretion in light of its earlier rulings. This point is denied.

■ Defendant next complains that the trial court erred in refusing to permit defense counsel to withdraw due to alleged irreconcilable conflicts. The facts pertinent to the first point are also relevant to this point.

The ultimate determination of whether defense counsel should be permitted to withdraw rests within the sound discretion of the trial court. *State v. Olinghouse*, 605 S.W.2d 58, 70 (Mo. banc 1980); *State v. Robinson*, 664 S.W.2d 543, 546 (Mo.App. 1983). An irreconcilable conflict exists between an attorney and his counsel where there is a total breakdown of communication between attorney and client. *State v. Turner*, 623 S.W.2d 4, 11 (Mo. banc 1981), *cert. denied* 456 U.S. 931, 102 S.Ct. 1982, 72 L.Ed.2d 448 (1982); *State v. Bullock*, 655 S.W.2d 628, 631 (Mo.App.1983).

In the present case, the record reveals no irreconcilable conflict. The sole evidence of any "irreconcilable conflict" comes from defendant's allegations that he could not get along with his attorney. Defendant's attorney did not testify concerning conflicts. There is an insufficient record of the conflicts to warrant such a finding. *See, e.g., State v. Harris*, 620 S.W.2d 349, 356 n. 4 (Mo. banc 1981). Instead it appears that the defendant is attempting to devise a way to undermine the court's ruling. If such an irreconcilable conflict existed, defendant could have sought to obtain substitute counsel or make the court aware of his difficulty in doing so well in advance of trial. Instead of diligently pursuing counsel, defendant refused to cooperate with counsel before trial. Then, upon hearing the trial court's ruling, defendant strategically instructed counsel to not participate during trial. This is not a case where defense counsel solely devised a plan to refuse to participate at trial. *State v. Harvey*, 692 S.W.2d 290 (Mo. banc 1985).

In *Lahmann v. State*, 509 S.W.2d 791, 795 (Mo.App., 1974), the court found that a "joint" decision by defense counsel and appellant for defense counsel to sit mute during the trial with the knowledge and approval of the defendant was a tactical decision to attempt to inject error at the trial. The court stated

> To hold that a movant could by a motion to vacate obtain a reversal of the conviction on the ground that counsel was ineffective when counsel's actions were with the knowledge, approval and under the direction of the accused would create a condition inimical to the proper functioning of the courts.

*Id.* at 795. *See also Thomas v. State*, 475 S.W.2d 98 (Mo.1971). In view of timing of this motion and the earlier ruling, the trial court committed no abuse of discretion in denying the motion.

■ Moreover, the trial court continually told defendant that he was represented by an attorney and that defendant should permit defense counsel to actively participate at trial. Defendant responded that he did not want to proceed *pro se* and wanted to be represented by an attorney; he wanted a different attorney. A trial court is not required to provide a defendant with a particular attorney he requests, and similarly, the defendant should not be able to arbitrarily and repeatedly request a new attorney. *State v. Koetting*, 691 S.W.2d 328, 332 (Mo.App.1985); *State v. Burns*, 537 S.W.2d 860, 863 (Mo.App.1976). Further the trial court properly refused to permit appellant to make his own argument since there is no right to hybrid representation. *State v. Williams*, 681 S.W.2d 948, 951 (Mo.App.1984).

As the court noted in *Lahmann v. State*, 509 S.W.2d at 795, defendant intentionally and knowingly followed a course of action and "gambled" on its success. In the present case, defense counsel was willing to forcefully represent defendant but defendant refused to cooperate. Defendant was not denied the chance for defense counsel to represent him but instead made the sole decision to sabotage his defense and the trial. As in *Lahmann*, defendant was not pleased with the trial court's ruling and gambled on instructing his counsel to not participate in trial in the chance that he could get his conviction reversed. Defendant created his own conflict; to permit

defendant to undermine the trial court's ruling by creating an alleged "irreconcilable conflict" would be to permit defendants to continually disrupt trials. The court committed no abuse of discretion and this point is denied.

The judgment of the trial court is affirmed.

All concur.