William GEBHARDT, Appellant,

v.

STATE of Missouri, Respondent.

No. 55313.

Missouri Court of Appeals,
Eastern District,
Division One.

April 25, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 23, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Michael C. Todt, Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was convicted of capital murder and sentenced to life imprisonment without eligibility for probation or parole for fifty years for the murder of his adoptive mother by stabbing and strangulation. That conviction and sentence was affirmed in *State v. Gebhardt*, 725 S.W.2d 628 (Mo. App.1987).

On December 22, 1987, movant filed his Rule 27.26 motion *pro se* alleging ineffective assistance of counsel. More specifically, movant alleged his trial counsel was deficient in failing to present evidence to show the police failed to warn him he could decide at anytime to invoke his Fifth Amendment rights and questioning would cease. It was movant's contention that this circumstance rendered his confession involuntary. It is undisputed that movant was warned of his *Miranda* rights several times before he confessed to the crime.

The office of the Special Public Defender was appointed to represent movant on January 27, 1988. Defense counsel was granted numerous extensions of time to file an amended motion, but none was ever filed. On June 24, 1988, the attorney assigned to movant filed a Motion to Withdraw. On July 1, 1988, the Motion to Withdraw was denied as was movant's *pro se* 27.26 motion.

The following allegations were contained in counsel's Motion to Withdraw: On February 8, 1988, a representative from the Special Public Defender's office sent a let-

ter to movant requesting additional information so his *pro se* 27.26 motion could be amended pursuant to Rule 27.26(h) (repealed 1988). Movant responded that he only wished to pursue the *Miranda* claim.

On April 5, 1988, the attorney assigned to movant's case contacted movant and explained to him the *Miranda* claim had little chance of succeeding. Counsel at that time asked for a copy of movant's transcript and the names of witnesses. Counsel stressed the importance of movant's cooperation. On April 7, movant's "jailhouse lawyer" sent a letter to defense counsel attacking him and re-emphasizing the importance of proceeding on the *Miranda* issue.

On April 11, defense counsel sent another letter to movant explaining why the *Miranda* issue would not prevail. He again requested a copy of the transcript. Movant never responded to this letter.

Movant's counsel believed the attorney-client relationship was poisoned by the "jailhouse lawyer." He asserted movant had limited intelligence and was easily led astray. For those reasons, defense counsel sought leave to withdraw from the representation of movant.

In denying his 27.26 motion, the motion court found movant failed to cooperate with his counsel for five months and this was a reasonable time to allow movant to file an amended motion. The court further found movant's trial counsel was not ineffective for failing to bring the alleged *Miranda* violation to the attention of the trial court.

In his first point on appeal, movant asserts the trial court erred in denying defense counsel's Motion to Withdraw on the basis that his relationship with movant had collapsed. Movant asserts the allegations in the motion show counsel failed to examine the existing record and pursue the obvious claim of ineffective assistance of counsel by trial counsel's failure to develop available evidence in support of the defense of diminished capacity.

"The ultimate determination of whether defense counsel should be permitted to withdraw rests within the sound discretion of the trial court." *State v. Richardson,* 718 S.W.2d 170, 173 (Mo.App.1986). *See also Johns v. State,* 741 S.W.2d 771, 778 (Mo.App.1987), *cert. denied,* — U.S. —, 108 S.Ct. 2044, 100 L.Ed.2d 628 (1988) (control of 27.26 proceedings is within the sound discretion of the motion court).

Rule 27.26(h) requires appointed counsel to obtain from the movant facts supporting the grounds asserted in the motion and to ascertain whether the movant included all grounds known to him as a basis for relief. If necessary, counsel must file an amended motion. Rule 27.26(h) (repealed 1988); *Guyton v. State,* 752 S.W.2d 390, 392 (Mo. App.1988). "The record in a Rule 27.26 proceeding should reflect the active participation of appointed counsel.... [however a] failure to amend a pro se motion is not per se grounds for reversal...." *Id.* [4, 5].

In this case, movant was informed of the probable result of failure to amend, but he refused to cooperate with his attorney. A movant may refuse to cooperate with his own counsel and refuse to permit amendment of his 27.26 motion, but he does so at his own peril. *See Pool v. State,* 634 S.W.2d 564, 566[4] (Mo.App.1982) (If a movant through mistaken ideas or guidance from other prisoners does not permit appointed counsel to amend his *pro se* 27.26 motion to comply with the rules, the motion court may dismiss the motion). Under these circumstances, the motion court's denial of the motion to withdraw was not an abuse of discretion. *See State v. Richardson,* 718 S.W.2d at 173[3] (refusal to grant motion to withdraw was not an abuse of discretion where defense counsel was willing to forcefully represent defendant but defendant refused to cooperate).

Movant's allegations regarding motion counsel's failure to examine the existing record for possible claims ignores movant's own determination to proceed only on the *Miranda* issue and amounts to no more than an allegation of ineffective assistance of 27.26 counsel. These claims are not cognizable on appeal from the denial of a 27.26 motion. *Jones v. State,* 736 S.W.2d 439, 440[1] (Mo.App.1987); *Hubbard v.*

*State,* 706 S.W.2d 289, 290[2] (Mo.App. 1986).

 Movant finally alleges the motion court erred in summarily dismissing his *Miranda* claims because his youth and borderline personality kept him from fully understanding his rights to stop questioning and if defense counsel had brought this to the trial court's attention, his confessions would have been suppressed.

The circumstances surrounding movant's confessions include the following: Movant was seventeen years old when he was arrested. He was advised of his "right to remain silent" at his arrest. While being transported in a police vehicle, movant was told his mother had been stabbed. He denied any knowledge of the stabbing and questioning ceased.

When movant arrived at the police station, he was again advised of his rights. Upon further questioning about the stabbing, movant confessed thereto. Movant agreed to make a video-taped statement, and was again apprised of his rights. He indicated his understanding of those rights by initialing them on a Warning and Waiver Form. When video-taping began movant was once more informed of his rights and was told he could discontinue the interview at anytime and questioning would cease. Following the video-taped statement, movant was again informed of his rights prior to making a written statement.

Movant's allegations regarding the deficiencies of his trial attorney are unfounded. It is clear from the trial record that defense counsel actively sought suppression of movant's confessions. Counsel filed a Motion to Suppress Statements alleging, among other things, that movant's education, background and physical and mental condition rendered his statements involuntary. Moreover, during the pretrial hearing on the Motion to Suppress, defense counsel questioned the police officers regarding movant's age and mental condition at the time he made the statements. Thus, the circumstances surrounding the statements were presented to the trial judge for a determination of voluntariness and mov-

ant's allegations of ineffective assistance of counsel and the prejudice he suffered therefrom are refuted by the record.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.