Frank RICHARDSON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 41135.

Missouri Court of Appeals,
Western District.

May 30, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 1, 1989.

Frank Richardson, Moberly, pro se.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and CLARK and FENNER, JJ.

CLARK, Judge.

Frank Richardson was convicted in 1985 of first degree burglary, first degree robbery and armed criminal action. The convictions were affirmed on appeal. *State v. Richardson*, 718 S.W.2d 170 (Mo.App. 1986). On June 24, 1988, Richardson filed a motion to vacate his sentences. The motion was timely under Rule 29.15(m). An evidentiary hearing was conducted, the trial court entered findings of fact and conclusions of law and overruled the motion.

Richardson appeals, pro se, and presents twelve points of alleged error in the order denying him relief. A number of the points raise the same subject matter and are repetitive. They are consolidated for purposes of disposition in this opinion.

I.

The first three points of the appeal center on Richardson's efforts to represent himself when the case was tried and his claim that his retained attorney rendered ineffective assistance. The relevant facts are these.

The charges on which he was ultimately convicted were lodged against Richardson August 15, 1985. He employed an attorney, Charles W. Franklin, to represent him. Franklin's first service was an attempt to secure a reduction in bond. The result did not meet with Richardson's approval and he thereafter refused to meet with Franklin to discuss preparation for trial. Franklin and Richardson joined in a motion seeking leave of court for Franklin to withdraw. On October 31, 1985, the court conditionally approved Franklin's withdrawal if Richardson had employed a new attorney to represent him before the scheduled trial date of November 20, 1985.

When the trial date arrived, Richardson had not obtained new counsel. The court therefore denied the motion for leave to permit Franklin to withdraw and also denied a request for a continuance. Richardson was frustrated by this circumstance and therefore adopted an ambivalent position with regard to the trial. In response to the court's inquiry as to whether he intended to conduct the trial himself, Richardson stated that he wanted an attorney, but not Franklin. Concurrently, he instructed Franklin explicitly and repeatedly throughout the trial not to participate. In fact, Richardson did act for himself in handling the defense, or attempted to do so.

■ Richardson first advances on this appeal the fanciful claim that he should be granted a new trial because Franklin rendered him ineffective assistance at trial. He notes that Franklin did not exercise the customary skill of an attorney because he did not conduct voir dire examination of the jury panel, he made no opening statement and he did not examine witnesses. In fact, Franklin took no part in the trial at all. Franklin's passivity, however, was upon Richardson's express direction that his attorney not participate. If Richardson was not effectively served by trial counsel, Richardson alone was responsible because of his stubborn refusal to accept assistance. It is axiomatic that a defendant may not take advantage of self-invited error or error of his own making. *Richardson v. State*, 617 S.W.2d 76, 77 (Mo.App.1981).

■ Next, Richardson contends the trial court erred when it refused the joint request to allow Franklin to withdraw. The error, he contends, lies in the proof that irreconcilable differences had arisen between attorney and client and the court

was not justified in requiring Richardson to continue to be represented by Franklin. This same point was considered on Richardson's direct appeal of his convictions. *State v. Richardson*, 718 S.W.2d at 173. The court found no basis for a claim that irreconcilable differences existed, only an effort by Richardson to undermine the trial court's decision not to grant Richardson a continuance. The subject may not be re-opened and relitigated in the post-conviction proceeding. *Sweazea v. State*, 515 S.W.2d 499, 501 (Mo. banc 1974).

Lastly, Richardson contends he was denied his constitutional right to self-representation. This grotesque claim is based on the assertion that the trial court made no finding that Richardson had made a knowing and voluntary choice to decline counsel and act pro se. The point lacks any merit for at least two reasons.

■ A request to proceed pro se must be both timely and unequivocal. *State v. Herron*, 736 S.W.2d 447, 449 (Mo.App.1987). Some cases hold that a motion for self-representation is not timely when made on the morning of trial, *id.*, or when made during the course of trial. *State v. Wilson*, 750 S.W.2d 560, 565 (Mo.App.1988).

■ In this case, the record demonstrates that Richardson never expressed any request to represent himself, but to the contrary stated that he wanted an attorney other than Franklin. Obviously, the court was not called upon to make a determination as to the informed nature of Richardson's choice. If, however, it be contended that Richardson's conduct was equivalent to an expression of choice to proceed pro se, it was not timely because the question of how the trial would be conducted by the defense first arose when Richardson barred Franklin's participation after the state had concluded its voir dire.

The stated points one, two and three are denied.

## II.

In his fourth, fifth, sixth, seventh and eighth points, Richardson raises claims of trial error. The points assert: (4) that his convictions for burglary and robbery violate his constitutional right not to be convicted twice for the same act or transaction, (5) that the testimony of the victim should have been excluded as unreliable, (6) that the trial jury was not representative of a fair cross-section of the community, (7) that certain members of the venire should have been excused for cause, and (8) that the state knowingly used "perjured" testimony.

■ Generally, a claim of error which could or should have been raised on direct appeal is not cognizable in a post-conviction motion proceeding. *Guinan v. State*, 726 S.W.2d 754, 757 (Mo.App.1986), *cert. denied*, — U.S. —, 108 S.Ct. 210, 98 L.Ed.2d 161 (1987). Even a claim of constitutional dimension may not be considered in a post-conviction motion except where fundamental fairness requires, and then only in rare and exceptional circumstances. *McCrary v. State*, 529 S.W.2d 467, 472 (Mo.App.1975).

■ All of the claims summarized above could have been raised on Richardson's direct appeal, but they were not. None involves any rare or exceptional circumstances and there are no constitutional questions of any substance or reality. We decline to consider any of these points.

## III.

In points nine and ten, Richardson challenges the sufficiency of the evidence to support his conviction and in his point eleven, he contends the trial court erred when it failed to instruct the jury on the offenses of second degree robbery, second degree burglary and other crimes.

■ Challenges attacking the sufficiency of the evidence to support a conviction are ordinarily not cognizable in a post-conviction motion. *Johnson v. State*, 726 S.W.2d 889, 890 (Mo.App.1987). Similarly, claims of instruction error are not a proper subject for review under a post-conviction

motion. *Battle v. State,* 745 S.W.2d 730, 734 (Mo.App.1987), *cert. denied,* — U.S. ——, 109 S.Ct. 183, 102 L.Ed.2d 152 (1988). All of these issues may and should be presented on the direct appeal. Richardson did not raise these questions in his appeal from the convictions and he therefore may not raise them here. We have, however, examined the question, ex gratia, of the sufficiency of the evidence and conclude that Richardson's complaint lacks any merit.

### IV.

In his final point, Richardson raises a plethora of constitutional claims, all centering upon Richardson's conduct at trial and his removal from the courtroom. The situation at trial developed as follows.

After the discourse involving Richardson's protest that he did not want Franklin as his lawyer, the trial judge inquired whether Richardson wished to question any members of the jury panel, the state having concluded its voir dire. Richardson responded by stating that he wanted to inform the panel members that Franklin was not his lawyer. Although the court admonished Richardson that he could not address the jury panel on that subject, he proceeded to do so. The court then had the jury panel removed from the courtroom and out of their hearing, told Richardson he would not be permitted to stay in the courtroom if he continued to make statements about his dissatisfaction with Franklin.

The trial resumed and the next disruption occurred when Richardson again undertook to speak to the jury under the pretext of making an opening statement. During the course of Richardson's testimony, he engaged in another outburst claiming that Franklin had been forced on him and that he was being "railroaded." After three separate warnings by the court as to Richardson's obstreperous conduct, and the caution to Richardson that persistence in his behavior would cause his removal from the courtroom, the trial judge eventually implemented that sanction. Richardson was placed in an area outside the courtroom with an audio connection which allowed him to hear what occurred in the courtroom. He was also provided facilities which allowed him to communicate with Franklin, and Franklin with him.

Richardson contended in this post-conviction motion that his removal from the courtroom denied him the right to confront the witnesses who testified against him and the right to a fair trial, among other constitutional guarantees. He says the removal was not justified because he uttered no profanities and did not talk "in a scurrilous manner."

It is first of all apparent that the constitutional infringement claims Richardson now raises could have been presented in his appeal of the convictions. They are therefore not cognizable here. *See Guinan v. State,* 726 S.W.2d at 757. Even if they were, however, the record demonstrates that Richardson was repeatedly warned as to the prospective consequences of his disruptive behavior but Richardson persisted and was only removed from the courtroom after the trial judge had exercised considerable restraint and patience. The court has discretion to order such measures taken as are necessary to maintain order and security in the courtroom. *State v. Bolder,* 635 S.W.2d 673, 687 (Mo. banc 1982). There was no abuse of that discretion in ordering the removal of Richardson as was done here.

The order overruling appellant's motion for post-conviction relief is affirmed.

All concur.