STATE of Missouri,
Plaintiff-Respondent,

v.

Nathaniel WADE, Defendant-Appellant.

No. 46872.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 31, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 8, 1984.

Jane B. Phillips, Sp. Asst. Public Defender, St. Louis, for defendant-appellant.

Carrie Francke, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

NORWIN D. HOUSER, Senior Judge.

Nathaniel Wade, charged with Stealing Without Consent, a Class C Felony, § 570.-040, RSMo 1978, tried and convicted by a jury and sentenced by the court to 12 years in the custody of the department of corrections as a persistent offender under § 558.-016, RSMo 1978, has appealed.

Appellant's first point is that the court erred in refusing to grant a continuance and in forcing the case to trial because defendant's counsel, through no fault of defendant or counsel, was not prepared to try the case. On December 15, 1982 the case was sent to the office of the special assistant public defender. It was assigned to attorney Jane B. Phillips, who joined the staff of the public defender on December 16, 1982. Counsel entered her appearance on December 28, 1982. The case was sent

to trial on January 18, 1983, three weeks after it was assigned to Ms. Phillips. Counsel unsuccessfully sought a continuance from the assignment judge on the basis that she had seen defendant only once prior to being sent out for trial. Counsel renewed her request for a continuance in the trial courtroom. Her request was made orally, no written affidavit for a continuance having been filed pursuant to Rules 24.09 and 24.10. Counsel told the court she had not interviewed any of the State's witnesses; had not sought to speak with the co-defendant, and had no opportunity to visit the scene. Prior to trial the prosecutor had provided defendant's counsel with police reports and a list of the witnesses the State expected to call. Counsel for defendant, who had called no witnesses on behalf of defendant, gave the court no explanation or reason for not having taken any of the foregoing steps to prepare for trial during the three weeks she had been in charge of the defense. The court denied the oral request for a continuance but gave defense counsel an opportunity to interview the State's witnesses before they testified. Counsel was allowed five minutes to interview each of them. Counsel asserts on appeal that in the course of the interviews she was confronted with several documents she did not understand and did not have sufficient time to study. Counsel filed and presented pretrial motions to dismiss the indictment and to suppress statements and evidence. She filed a motion for judgment of acquittal at the close of the evidence, and a motion for a new trial after verdict. On appeal counsel complains that the trial judge pressed counsel to hurry, and to adhere strictly to the scope of the motions; instructed counsel not to argue with the court or witnesses; pushed her throughout the two-day trial to move quickly, and that defendant "was a hapless pawn in an understaffed office" (a statement unsupported by evidence).

A review of the performance by counsel in defending appellant, considering the trial transcript, reveals no impatience or hurry-

ing tactic on the part of the trial judge and demonstrates that defense counsel cross-examined each of the State's witnesses extensively and effectively and represented her client intelligently and zealously.

■ The fact that defense counsel is not adequately prepared for trial is not ground for a continuance if counsel has had an adequate opportunity to prepare for trial. *State v. Belleville*, 362 S.W.2d 77 (Mo.App.1962). Counsel had three weeks within which to prepare for trial. This was adequate under the circumstances. See and compare *State v. Cheesebrew*, 575 S.W.2d 218, 225 (Mo.App.1978).

■ Counsel's vigorous representation of defendant is convincing evidence of her familiarity with the facts of the case and demonstrates that defendant was accorded a fair trial and enjoyed the effective assistance of counsel.[1] The granting of a continuance is a matter of discretion of the trial court. The appellate court will not intervene unless the trial court's ruling is clearly an abuse of discretion. *State v. Carroll*, 543 S.W.2d 48, 49 (Mo.App.1976); *State v. Collie*, 503 S.W.2d 445, 446 (Mo.App.1973). The trial court properly exercised its discretion in this case.

Appellant's second point relates to the sufficiency of the indictment.

Defendant and one Willie Dean were jointly indicted for the Class C felony of Stealing, pursuant to §§ 570.030 and 570.040, RSMo. By motion to dismiss filed on the day of the trial defendant attacked the indictment for failure to comply with Rule 23.01(b) 2–3 requiring an indictment to state plainly, concisely and definitely the essential facts constituting the offense and the time and place of the offense.

■ An indictment is sufficient if it states the essential elements of the offense charged, adequately notifies the defendant of the charge against him, and constitutes a bar to further prosecution for the same offense. *State v. Mitchell*, 611 S.W.2d 223,

225 (Mo. banc 1981); *Merrill v. State*, 576 S.W.2d 561, 562 (Mo.App.1978); *State v. Downs*, 593 S.W.2d 535, 540 (Mo.1980).

The indictment charges that on the 28th day of March, 1982, at the City of St. Louis, Missouri, defendants appropriated a quantity of clothing in the possession of Roadway Express without the consent of Roadway Express and that defendant Nathaniel Wade was convicted of the offense of stealing on December 17, 1965, on January 14, 1966 and on October 21, 1980, and is a prior and persistent offender.

■ Appellant complains that the indictment is a nullity; did not invest the court with jurisdiction to proceed and is insufficient to support a conviction. Appellant makes these specific complaints: (1) the owner of the property is not named; (2) the place of the offense is not stated, and (3) the time of the offense is not stated. None of these complaints is well taken. Under MACH–CR 24.02.1 ownership need not be alleged if it is alleged (as here) that the property was in the possession of another; the wording "in the City of St. Louis" is sufficient information as to the place of the offense, and the specification "March 28, 1982" is a sufficient allegation of time.

If by reason of the generality of the indictment in these particulars appellant was handicapped in the preparation of his defense it was open to him to apply to the court for a bill of particulars under Rule 23.04, *State v. Glover*, 554 S.W.2d 457 (Mo.App.1977), but appellant did not avail himself of this remedy.

The indictment follows the approved form and is sufficient.

■ Next, appellant claims denial of due process, fair trial and effective assistance of counsel in that there was a material variance between the charge laid in the indictment and the proof; that the indictment charges that defendant "and Willie Dean" committed the offense but contained

---

[1]. In this connection see *State v. Bibee*, 496 S.W.2d 305, 311 (Mo.App.1973); *State v. McCreary*, 504 S.W.2d 132, 135 (Mo.App.1973).

no other or further "acting with another" allegation. The charge that defendant and Willie Dean committed the offense was a good and sufficient charge that defendant "acting with another" committed the offense. Instruction No. 6 conformed with MAI–CR2d 24.02.1 and 2.12, both of which were applicable in this situation. Appellant fails to point out how or in what respect the proof fails to substantiate the charge or departs from the charge, and our examination of the transcript reveals no variance between charge and proof.

Appellant makes the further point that there was a variance in that the indictment charged defendant as a persistent offender, but there was no proof of this allegation; that the record is devoid of any finding by the court that defendant was a persistent offender. The most charitable thing that can be said of this remarkable statement is that it flies in the face of and contradicts documented facts of record which conclusively demonstrate faithful compliance with the statutory procedure prescribed for the imposition of an extended term of imprisonment. The legal file, trial transcript and supplemental transcript affirm without doubt not only that at the timely hearing there was ample proof of and a court finding that appellant is a persistent offender but also show that appellant and his counsel on appeal were present in the courtroom at the time and place of the hearing, and therefore were privy to the facts.

A certified copy of the trial judge's docket sheet of January 19, 1983, filed as part of the supplemental legal file, contains the following entry:

"Out of the hearing and presence of the jury, the court hears evidence with respect to the allegations of prior convictions and finds beyond a reasonable doubt that the defendant is a prior and persistent offender."

The trial transcript, page 141, contains the following statement by Judge James L. Sanders at time of sentencing:

"Let the record further show that in the trial of this case it was alleged that the defendant is a prior and persistent offender, and the Court did make a finding. And based upon evidence adduced at the time of the trial that the defendant is a prior and persistent offender and that the punishment was for the judge and that he's also subject to an extended term of imprisonment under Section 558.-016 * * * let the record further show that the standard term would be two to seven; extended term would be 15, and that he's subject to the extended term."

Pursuant to Rule 30.04(h) we ordered that a supplemental transcript on appeal be prepared and filed reporting the full and complete record of the hearing of January 19, 1983 on this issue. That 8-page record shows that a hearing was conducted prior to submission of the case, out of the hearing of the jury, and in the presence of defendant, his counsel, Jane Phillips, and counsel for the State. A deputy circuit clerk of the City of St. Louis produced files and records of the Circuit Court showing that Nathaniel Wade was convicted of these offenses and sentenced as follows: Stealing over $50, May 5, 1965, 3 years; Stealing over $50, December 17, 1965, 3 years; Stealing over $150, October 21, 1980, 50 days. The defendant introduced no evidence and did not deny the truth of the charges. On the evidence adduced Judge Sanders made a detailed finding in which he described the offenses, the dates of sentencing and the penalties inflicted, and specifically found that "the defendant is a prior and persistent offender under Section 558.016 of RSMo."

The judgment is affirmed.

GAERTNER, P.J., and SMITH, J., concur.