George C. GILMORE, Appellant,

v.

STATE of Missouri, Respondent.

No. 52032.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 21, 1987.

Motion for Rehearing and/or Transfer
Denied May 20, 1987.

Application to Transfer Denied
July 14, 1987.

Henry Paul Fox, Union, for appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant, George C. Gilmore, appeals from a judgment denying post-conviction relief under Rule 27.26 after an evidentiary hearing. Movant was convicted by a jury of capital murder, § 565.001 RSMo 1978, (now repealed and replaced by a similar statute) and sentenced to death. The sentence was affirmed by a unanimous opinion of our Supreme Court. *State v. Gilmore*, 681 S.W.2d 934 (Mo. banc 1984).

The motion court considered 11 grounds for a new trial. Some were asserted by movant pro se and some by appointed counsel. The grounds stated in the motion included an attack on the sufficiency of the indictment, failure of defense counsel to present available evidence during the penalty phase of the trial, a denial of defendant's right to testify, ineffective assistance of counsel for failure to investigate, to preserve a *Witherspoon* issue, insufficient experience of counsel, and prosecutorial misconduct.

This appeal involves two claims of ineffective assistance of counsel and two claims of prosecutorial misconduct which movant contends were not decided by the motions court by findings of fact.

Our review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j); *Laws v. State*, 708 S.W.2d 182, 185 (Mo.App.1986). The claim of procedural failure to make specific findings is based upon the requirements of Rule 27.26(i) and *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978).

■ We first address a matter relating to the sufficiency of the indictment to state a charge of capital murder. This matter was raised in the motion and implicates a jurisdictional defect. We review for that reason and because of the nature of the charge. Movant's contention before the motion court was that the indictment failed to include an essential element of deliberation. The original indictment filed on February 6, 1981, was defective in that respect. However, on October 5, 1982, the state filed a second indictment which cured the defect and fully resolves the contention. The amended pleading was sufficient and no fundamental unfairness survived.

The indictment charged movant with the capital murder of Woodrow Elliot on October 8, 1980. There is no fact dispute that defendant was involved in a motor vehicle accident on September 4, 1980. He was hospitalized for treatment of injuries received in the accident. According to the hospital records he was not confined to a hospital bed and subsequently checked himself out of the hospital. Movant admitted that he was present at the scene of the crime.

Movant now contends that the physical injuries he sustained in the accident could have been presented to the jury by expert testimony on the seriousness of the injuries and that such evidence may have persuaded the jury that movant could not have been the controlling force behind the murder. If we understand the argument correctly movant does not contend that the evidence would have been exculpatory of guilt, but may have been a basis for the jury to find guilt of a lesser offense or to recommend a lesser punishment.

On this issue movant's trial counsel testified that he was aware of the accident and the injuries; that he did investigate the medical records and discovered that movant checked himself out of the hospital. For this reason counsel elected not to rely on the incapacitation defense. He explained that the physical injuries would not be a defense to the charge and were not substantial on the theory now asserted by movant. Before trial movant's counsel obtained a copy of the hospital medical records and a cover letter summarizing the medical records. The cover letter was authored by Vic W. Kwan, M.D. Dr. Kwan indicated that the accident occurred on September 4, 1980, and defendant was taken from the scene to St. John's Mercy Hospital in St. Louis. He left the hospital against medical advice. He was admitted to Barnes Hospital in St. Louis on September 7, 1980, where he remained for 24 hours and was discharged. He was examined by Dr. Kwan on September 11, 1980. At that examination Dr. Kwan found an adult male in no distress except for some limitation on his ability to bend forward. We have examined the hospital records furnished in the legal file and find they are consistent with this summary.

■ The motion court found that the medical information was irrelevant. Because of movant's admissions to the police that he was present at the murder scene and that his companion actually committed the murder, the movant court concluded

that the failure to put on expert testimony with regard to this medical record was a matter of trial strategy. We believe this finding is supported by the record and reject this claim of error. Trial strategy is not cognizable under Rule 27.26. *Williamson v. State*, 628 S.W.2d 895, 898 (Mo.App. 1981). An exception to this rule of law involves a claim of strategy based upon a total failure of investigation. That did not occur in the present case where trial counsel procured the medical records and had the benefit of a doctor's summary. The decision of trial counsel, as a matter of strategy, suffices to comply with the standard of effective assistance of counsel on this issue. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Chandler*, 698 S.W.2d 844, 846 (Mo. banc 1985).

Movant also contends that counsel was ineffective for failure to preserve a "death qualification" issue during the trial. Some jurors were relieved for cause because they indicated they could not, in any event, impose a death sentence. The context of this claim of error is that trial counsel, was at the time of trial and during the direct appeal, or should have been, aware of an Arkansas Federal District Court opinion in *Grigsby v. Mabry*, 569 F.Supp. 1273 (E.D. Arkansas 1983) which held that removal of "Witherspoon—excludable" prospective jurors violated the accused's 6th and 14th Amendment rights. Subsequently this opinion was affirmed by the 8th Circuit Court of Appeals. However, these opinions were overturned by the U.S. Supreme Court which subsequently held that there is no 6th or 14th Amendment violation in this situation. See, *Lockhart v. McCree*, 476 U.S. 162, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986).

■ Movant's trial counsel testified that he raised a *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968) issue at trial. It was not raised in the direct appeal. We find that the motion court correctly found no ineffective assistance for failure of trial counsel to preserve the issue in his motion for new trial or on appeal. First, the Missouri Supreme Court decided *State v. Mercer*, 618 S.W.2d 1, 7 (Mo. banc), *cert. denied*, 454 U.S. 933, 102 S.Ct. 432, 70 L.Ed.2d 240 (1981) before the defendant's trial. *Mercer* approved the removal of *"Witherspoon"* jurors. Second, movant could not have been prejudiced in light of the similar holding of the United States Supreme Court in *Lockhart*. Trial counsel could not be deemed ineffective for failing to raise a non-meritorious claim. *Shaw v. State*, 686 S.W.2d 513, 516 (Mo. App.1985).

■ Movant's last claim of error is that the trial court failed to make a finding of fact required by Rule 27.26(i) and *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978) on the pleaded claims of prosecutorial misconduct. In this contention, movant is technically correct because the motion court is required to make findings of fact and conclusions of law on all issues presented. However, movant's claims of prosecutorial misconduct were not properly before the motion court because error in that category was raised, considered and determined in the direct appeal. *State v. Gilmore*, 681 S.W.2d at 941–943. The motion raises the same issue, but advances new theories. However, a matter decided on direct appeal may not be relitigated in post-conviction relief proceedings even if movant offers a different theory. *Medley v. State*, 639 S.W.2d 401, 404 (Mo.App.1982). Accordingly, this claim of procedural error relates only to a matter not properly before the motion court under Rule 27.26 and constitutes no ground for reversal and remand for further findings.

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.