STATE of Missouri,
Plaintiff–Respondent,

v.

Robert A. CRAHAN,
Defendant–Appellant.

No. 15247.

Missouri Court of Appeals,
Southern District,
Division One.

March 15, 1988.

Motion for Rehearing or to Transfer
to Supreme Court Denied
April 5, 1988.

David R. Flottman, Asst. Pros. Atty., Joplin, for plaintiff-respondent.

Susan L. Hogan, Columbia, for defendant-appellant.

GREENE, Presiding Judge.

Defendant, Robert A. Crahan, was jury-convicted of the class A misdemeanor of sexual abuse in the second degree, § 566.110 RSMo 1986. He was sentenced to one year's imprisonment in the county jail and fined $1,000 as punishment for the crime.

On appeal, Crahan's sole point relied on is that the trial court erred in denying his motion for a continuance, which he filed nine days prior to trial. We affirm.

Evidence introduced at trial that was sufficient to sustain the conviction showed that on December 24, 1986, M.T. a 12 year-old female child who was living with foster parents, was visiting in the home of her mother and Crahan, her stepfather. Crahan, over the child's protests, repeatedly fondled the child's breasts and pubic area. When he continued such conduct the next day, M.T. called her foster parents who reported the matter to the local authorities. Police officers went to the Crahan home, and took custody of the child. During questioning, she told the police what Crahan had done to her.

An information charging Crahan with the crime was filed on January 8, 1987. On February 13, Crahan's attorney filed a motion in which he requested to examine juvenile court records "so far as they pertain to the alleged incident and any statements that the complaining witness may have made pertaining to the alleged incidents."

There is nothing in the record that shows Crahan ever made any attempt to have the trial court rule on the motion. The case was set for trial on February 20, 1987, and reset, first for March 2 then for March 6, and, eventually, for April 23, 1987. On April 13, Crahan's attorney, who had sought and obtained at least one of the prior continuances, sought another, alleging:

In order to be able to glean information from the juvenile records and from the Division of Family Services and Emily Spade, in order to be able to take depositions in this case and properly investigate and prepare a defense in this case, defendant will need additional time. Defendant has insufficient time in which to obtain the information needed, to consult with his client in preparation on the case, and to make effective use of the information obtained.

On April 14, 1987, the trial court sustained the motion for access to the juvenile court file, and in addition, directed the state to deliver to defense counsel copies of any statements M.T. had made concerning the incident. The state was ordered to comply with the disclosure order within 24 hours. Crahan's motion for continuance was overruled, and the case proceeded to trial on April 23, as scheduled.

In the argument portion of his brief, Crahan's attorney states that his client was prejudiced by the trial court's denial of his motion for a continuance because "counsel was in need of the additional period of time in order to sufficiently examine the Juvenile Court files and to adapt his strategy for appellant's defense."

There is nothing in the record to show what prohibited defense counsel from examining the juvenile court file in the nine days remaining before the trial date, or to show what, if anything, was contained in those files that would help "adapt his strategy for appellant's defense."

■ In conducting our review, we observe that the granting or denial of a motion for continuance is a matter solely within the discretion of the trial court, *State v. Jordan*, 646 S.W.2d 747, 753 (Mo. banc 1983), and a very strong showing is required to prove that the trial court abused its discretion by denying the motion for continuance. *State v. Cuckovich*, 485 S.W.2d 16, 21–22 (Mo. banc 1972). The party requesting the continuance has the burden of showing that prejudice resulted from such denial. *State v. Nave*, 694 S.W.2d 729, 735 (Mo. banc 1985), cert. denied 475 U.S. 1098, 106 S.Ct. 1500, 89 L.Ed.2d 901 (1986).

Here, there was no showing that M.T. had ever given a statement to the juvenile authorities, or that a juvenile file concerning the incident even existed. In addition, nine days was certainly adequate time for defense counsel to review the file to see if it contained anything helpful to the defense.

■ The fact that defense counsel is not adequately prepared for trial is not grounds for a continuance, if counsel had adequate opportunity to prepare. *State v. Wade*, 666 S.W.2d 869, 871 (Mo.App.1984). The motion to be given leave to examine the juvenile court file was filed, as previously stated, on February 13, 1987, which was more than two months prior to the trial date. There is nothing in the record to show that defense could not have had his motion ruled on and the file examined long before trial.

■ Crahan has not carried his burden of demonstrating prejudice. The trial court did not abuse its discretion in denying the motion for continuance.

Judgment affirmed.

CROW, C.J., and HOLSTEIN, J., concur.