**Lloyd E. SCHLUP, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 70694.**

Supreme Court of Missouri,
En Banc.

Oct. 18, 1988.

Rehearing Denied Nov. 15, 1988.

Robert G. Russell, Mark T. Kempton, Sedalia, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

RENDLEN, Judge.

Lloyd Schlup appeals the denial of his Rule 27.26 motion to vacate or set aside the sentence of death imposed in conjunction with his conviction of capital murder. Pursuant to Rule 83.06, we transferred the cause by order of this court prior to opinion

by Eastern District and now affirm the judgment of the circuit court.

■ Appellant first contends that the motion court erred in denying his request for a continuance. The decision whether to grant a continuance in a 27.26 proceeding "is largely within the discretion of the trial court and every intendment on appeal is in favor of the court's ruling." *Martin v. State,* 558 S.W.2d 701, 704 (Mo.App.1977). "The fact that defense counsel is not adequately prepared for trial is not ground for a continuance if counsel has had an adequate opportunity to prepare for trial." *State v. Richardson,* 718 S.W.2d 170, 172 (Mo.App.1986) (quoting *State v. Wade,* 666 S.W.2d 869, 871 (Mo.App.1984)). In this case, counsel began his representation of appellant in June 1987, filed the 27.26 motion on July 13, and represented appellant at the hearing on October 30, 1987, having agreed to that date on October 9. In this time frame, counsel had adequate opportunity to prepare for the hearing and we find no abuse of discretion in the trial court's denying the continuance.

■ Appellant next contends the sentencing court erred in admitting testimony from the victim of prior sodomitical assaults in order to establish a "substantial history of serious assaultive criminal convictions" as an aggravating circumstance meriting the death penalty. § 565.012.2(1), RSMo 1978. This point was decided adversely to appellant on his direct appeal to this court, *State v. Schlup,* 724 S.W.2d 236, 238–40 (Mo. banc 1987), *cert. denied,* —— U.S. ——, 107 S.Ct. 3198, 96 L.Ed.2d 685 (1987), and is therefore denied; "a matter decided on direct appeal may not be relitigated in post-conviction relief proceedings even if movant offers a different theory." *Gilmore v. State,* 731 S.W.2d 369, 371 (Mo. App.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987).

■ Regarding the same testimony, appellant alleges his trial counsel was ineffective in failing to investigate and prepare for cross-examination of the witness, in failing to request a continuance for that purpose and in failing to object to the testimony. The motion court found that though counsel had not deposed this witness, Harold Johnson, prior to trial, counsel had obtained copies of reports concerning Johnson's testimony, including written statements given by Johnson and counsel had also obtained information regarding Johnson's criminal record. The trial court allowed thirty to forty-five minutes for counsel to interview Johnson prior to his testimony and Johnson's testimony at trial was consistent with his earlier statements. From this the motion court concluded that counsel provided effective assistance to appellant and we determine that these findings and conclusions are not clearly erroneous.

■ As to appellant's claim that counsel failed to object to Johnson's testimony, this point was not raised in the 27.26 motion and therefore cannot be raised for the first time here. *Walker v. State,* 715 S.W.2d 261, 262 (Mo.App.1986). However, had the claim been preserved, it is readily apparent the testimony was admissible and thus "[c]ounsel cannot be deemed ineffective for failing to make a nonmeritorious objection." *Shaw v. State,* 686 S.W.2d 513, 516 (Mo.App.1985).

■ Appellant further contends that the trial court erred during the sentencing phase in admitting another assaultive conviction, arising from a knife attack, because such conviction was obtained without the effective assistance of counsel and a 27.26 motion is still pending in regard to that conviction. This issue need not be decided, for the jury found that another aggravating circumstance existed in that appellant committed the murder while he was held in a place of lawful confinement. § 565.012.2(9), RSMo 1978. "It is only necessary as a matter of law and fact that one aggravating circumstance be applicable," *State v. Gilmore,* 697 S.W.2d 172, 176 (Mo. banc 1985), *cert. denied,* 476 U.S. 1178, 106 S.Ct. 2906, 90 L.Ed.2d 992 (1986), and "where two or more statutory aggravating circumstances are found by the jury, the failure of one circumstance does not taint the proceedings so as to invalidate the other aggravating circumstance found and the sentence of death thereon." *State v. LaRette,* 648 S.W.2d 96, 102 (Mo. banc 1983), *cert. denied,* 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983). Therefore, assuming *arguendo* that the prior conviction was invalid and a substantial history of serious assaults was not established, the fact that this was a prison stabbing is sufficient to support the death penalty. *See United States v. Tucker,* 404 U.S. 443, 448, 92 S.Ct. 589, 592, 30 L.Ed.2d 592 (1972) (the question is "whether the sentence ... might have been different if the sentencing judge had known that ... the ... previous convictions had been unconstitutionally ob-

tained"). *See also State v. Trimble,* 638 S.W.2d 726, 732 (Mo. banc 1982), *cert. denied,* 459 U.S. 1188, 103 S.Ct. 838, 74 L.Ed. 2d 1031 (1983) (sole aggravating circumstance that defendant was in a place of lawful confinement).

■ Appellant also alleges his trial counsel was ineffective in failing to investigate this prior conviction and object to its admission into evidence. As the motion court was not clearly erroneous in its finding that "the admission of evidence of this particular conviction was not prejudicial to the defendant," and a showing of prejudice is necessary in order to sustain appellant's claim, *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), this claim of ineffective assistance of counsel most certainly falls short of attaining constitutional proportions and is denied.

■ Appellant finally argues he was denied due process of law during his murder trial because the state failed to disclose exculpatory evidence; he alleges the warden had evidence that another individual may have committed the murder and the warden stated he did not believe appellant would intentionally hurt someone.[1] The motion court found that appellant's rights "were not violated by failure of the State to disclose evidence which would tend to negate his guilt, as there was no such evidence to disclose.... A full investigation on the part of corrections officials failed to produce any shred of evidence corroborating the rumors and allegations of any other person's involvement." Furthermore, appellant's trial counsel testified that appellant knew who the alleged third attacker was, and the motion court concluded that "Petitioner failed to give the name of the alleged third attacker in the underlying murder to his counsel.... The State cannot be faulted for failing to disclose uncorroborated information apparently known to the Petitioner." These findings and conclusions are not clearly erroneous.

*See State v. Parry,* 684 S.W.2d 441, 445 (Mo.App.1984).

AFFIRMED.

All concur.

---

**1.** This alleged statement was made *after* trial, and the motion court thus sustained the state's objection on grounds of relevancy. We find no error in the court's ruling.