**William C. LEWIS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 40293.**

Missouri Court of Appeals,
Western District.

Feb. 14, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 28, 1989.

John Edward Cash, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before FENNER, P.J., and SHANGLER and BERREY, JJ.

FENNER, Presiding Judge.

Appellant, William C. Lewis, appeals from an evidentiary hearing denying his Rule 27.26 (now repealed) motion.

Lewis was convicted in April of 1976, after trial by jury, of murder in the first degree. He was sentenced to life in prison on April 28, 1976. On December 5, 1977, Lewis' conviction and sentence were affirmed on direct appeal. *State v. Lewis*, 559 S.W.2d 584 (Mo.App.1977).

■ In his first point in this appeal, Lewis alleges that he was denied effective assistance of counsel by his counsel's failure to file a motion to quash the jury panel based on the systematic exclusion of women. Lewis argues that if this issue had been preserved he would have been entitled to a reversal of his conviction.

On January 21, 1975, the United States Supreme Court held that the Sixth Amendment of the United States Constitution affords a defendant in a criminal proceeding the right to a jury selected from a representative cross-section of the community, and that "distinctive groups" in the community, such as women, cannot be systematically excluded from the selection process. *Taylor v. Louisiana*, 419 U.S. 522, 537–539, 95 S.Ct. 692, 701–702, 42 L.Ed.2d 690 (1975). On January 9, 1979, the United States Supreme Court applied its holding in *Taylor v. Louisiana*, to invalidate the conviction of a criminal defendant tried in Missouri by a Jackson County jury in March of 1976, one month prior to appellant's trial. *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). In *Duren*, the United States Supreme Court held that the systematic exclusion of women which results in jury venires averaging less than 15% females violates the Constitution's fair cross-section requirement. *Id.* at 360, 99 S.Ct. at 666. The ruling of the United States Supreme Court in *Duren* overturned an earlier ruling to the contrary by the Missouri Supreme Court which, on September 27, 1977, had upheld the jury-selection procedures then used in Jackson County. *State v. Duren*, 556 S.W.2d 11 (Mo. banc 1977). However, it is well settled that absent a timely objection, no claim based on alleged underrepresentation of women on juries can be made with respect to a jury seated prior to the ruling of the Missouri Supreme Court on September 27, 1977, in *State v. Duren*, regardless of whether the claim is made on direct appeal or in a post-conviction proceeding. *Benson v. State*, 611 S.W.2d 538 (Mo.App.1980). *Benson* at 545–546, specifically holds that failure to file a motion to quash the jury panel on the basis of underrepresentation of women in a criminal case tried prior to the 1977 Missouri Supreme Court decision in *State v. Duren*, is not to be deemed ineffective assistance of counsel. Appellant's trial was in April of 1976 and accordingly, his claim of ineffective assistance of counsel on this point is denied.

■ In his second point, Lewis argues that it was clearly erroneous for the court to fail to grant his request under Rule 75.01, to vacate the denial of his 27.26 motion and reopen the case for further evidence of his claim that trial counsel was ineffective in failing to investigate the mental background of Grace Lawton, who was a key witness at his trial.

The background on this point is that Lewis' motion under Rule 27.26 was denied by order of the court on January 7, 1988. On February 3, 1988, the appellant, pro se, filed a pleading styled "Notice of Motion". Apparently attached to or included with this notice was a motion for leave to proceed in forma pauperis, an affidavit of poverty, and a motion styled "Motion to Vacate Under Rule 75". Appellant's request to perfect his appeal as a poor person was sustained but no action was taken on appellant's motion under Rule 75. The motion under Rule 75 raised the issue of which appellant now complains that counsel was ineffective in failing to investigate the mental background of Grace Lawton.

The court did not err in failing to take up appellant's pro se "Motion to Vacate Under Rule 75", even if it would have arguably had any merit, because the appellant was still represented by counsel at the time his motion was filed and he has no right to proceed both pro se and through counsel. *State v. Harris*, 669 S.W.2d 579 (Mo.App. 1984).

In his third point in this appeal Lewis argues that it was clearly erroneous for the court to find that he was not denied effective assistance of counsel because of the following: (1) the shortness of time that trial counsel was assigned to his case before trial; (2) the failure of trial counsel or previously assigned public defender to investigate possible evidence that would have impeached Grace Lawton, a key state witness; (3) the failure of trial counsel to move for a continuance; (4) the failure of trial counsel to adequately prepare defense witnesses by warning them not to allude to an inadmissible prior offense of appellant; and (5) the failure of counsel to object to inadmissible evidence at trial.

■ Counsel is strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). To overcome this presumption of competency and establish the ineffectiveness of trial counsel, a defendant must show, by a preponderance of the evidence, that his attorney's performance was deficient, and that the deficient performance prejudiced his defense. *Id.* at 687, 104 S.Ct. at 2064.

An attorney's performance will be deemed deficient if he makes errors so serious as to deprive the defendant of a fair trial, a trial the result of which is reliable. *Id.* at 687, 104 S.Ct. at 2064. To satisfy the prejudice aspect of this two-part test, the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

■ In regard to appellant's first three complaints on the shortness of time trial counsel had been assigned to his case, the lack of investigation by the public defender's office and the failure to request a continuance, the record shows that a thorough and exhaustive investigation was conducted on appellant's behalf and that counsel was, as he testified at the 27.26 hearing, thoroughly prepared to try the case.

Appellant's argument that trial counsel's testimony at the 27.26 hearing, as to his preparation and trial strategy, was not reliable and that the court should have believed appellant's testimony that he gave trial counsel leads that were not pursued is of no avail. The Rule 27.26 court determines the credibility of witnesses and the court is not required to believe the defendant's testimony even if no contradictory evidence is offered. *Mountjoy v. State*, 750 S.W.2d 471 (Mo.App.1988).

■ Appellant's complaint that trial counsel failed to adequately prepare defense witnesses by warning them not to allude to appellant's prior criminal record centers on the testimony at trial of appellant's stepfather. At trial appellant's stepfather stated, in a non-responsive answer, that appellant had been tried for bank robbery.

At the 27.26 hearing trial counsel testified that he does prepare his witnesses and

that the reference to the bank robbery was wholly unexpected and nonresponsive. Just as a lawyer cannot be labeled ineffective because a witness unexpectedly changes his testimony on the witness stand, *Mountjoy v. State, supra* at 474, he cannot be so labeled when a witness makes an unexpected and nonresponsive answer that contains inadmissible evidence. Furthermore, in light of the fact that the appellant admitted to two prior convictions, including one robbery, during his trial testimony, it is obvious that this statement by appellant's stepfather could not have prejudiced his defense.

Appellant's final category of complaints is that counsel failed to object to inadmissible evidence at trial. This category covers a variety of subjects, none of which show any prejudice to his defense.

The general rule applicable to counsel's failure to object is that decisions concerning whether or when to make objections at trial are left to the judgment of counsel. *Coleman v. State,* 621 S.W.2d 357, 360 (Mo.App.1981). Ineffective assistance of counsel is not to be determined by a post-trial academic determination that counsel could have successfully objected to evidence in a given number of instances. *Bryant v. State,* 604 S.W.2d 669, 672 (Mo. App.1980). The failure to object to objectionable evidence does not establish ineffective assistance of counsel unless the evidence resulted in a substantial deprivation of the accused's right to a fair trial. *Stuckey v. State,* 756 S.W.2d 587, 591 (Mo. App.1988).

■ Appellant complains because his counsel failed to object when the prosecutor asked a witness if he had been shown some "mug shots". Beyond the application of the general rule cited above, a reference to mug shots during trial is not necessarily objectionable, since the term does not necessarily suggest that the defendant committed other crimes. *State v. Harris,* 534 S.W.2d 516, 520–521 (Mo.App.1976). In the case at bar any reference to mug shots that could even arguably have been deemed prejudicial to appellant was negated by his testimony that he had prior con-

victions for robbery and exhibiting a deadly weapon. Counsel cannot be deemed ineffective for failing to make a non-meritorious objection. *Schlup v. State,* 758 S.W.2d 715, 716 (Mo. banc 1988).

■ Appellant next complains that trial counsel failed to object to what he labels a leading question. The relevant question and answer are as follows:

"Q: There was no doubt in your mind that the defendant is the man that pointed the gun at you?

A: No doubt, none whatsoever."

Even if it is assumed, arguendo, that this was a leading question, the decision to allow leading questions in a criminal case is largely discretionary with the trial court. *State v. Thomson,* 705 S.W.2d 38, 40 (Mo. App.1985). It would have been clearly within the discretion of the trial court to overrule any objection to the question of which appellant complains. Decisions on whether or not to object are left to the judgment of counsel. *Coleman v. State, supra* at 360.

■ Appellant's next complaint, on failure to object, is that trial counsel failed to object when a witness, Grace Lawton, offered "hearsay" testimony to the effect that on the morning of the robbery, after the appellant and his accomplice in the crime, discussed in detail their plans for the robbery, appellant's accomplice said goodbye, "that they were going to do some work." This statement was admissible as the statement of a co-conspirator made in furtherance of the conspiracy. *See, State v. Fuhr,* 660 S.W.2d 443, 448 (Mo.App. 1983).

■ Appellant also complains that trial counsel should have objected when the prosecutor, in an apparent slip of the tongue, mentioned "the bank robbery" during his cross examination of a defense witness. However, the prosecutor quickly corrected himself and said "excuse me, the A & P robbery." Counsel explained at the 27.26 hearing that he deliberately chose not to object in order to avoid unnecessarily highlighting the incident. This was obviously a matter of trial strategy which will

not support a claim of ineffectiveness. *Strickland v. Washington, supra* 466 U.S. at 690, 104 S.Ct. at 2066; *See, Cook v. State,* 511 S.W.2d 819, 821–822 (Mo.1974).

■ In his final complaint, appellant alleges counsel was ineffective when he elicited testimony from a police detective that a witness for the state had been able to identify the appellant from a lineup but not his accomplice. This was an obvious effort by counsel to challenge the reliability of the witness's testimony by showing that the witness was able to identify the appellant but not his accomplice. This was a matter of trial strategy and as such cannot provide a basis for post-conviction relief. *Strickland v. Washington, supra* 466 U.S. at 690, 104 S.Ct. at 2066; *Stuckey v. State, supra* at 593.

The record in this case reflects that the appellant was ably and capably represented at trial after a thorough pre-trial investigation. The appellant's representation was exemplary and certainly anything but ineffective.

The judgment of the trial court denying appellant's Rule 27.26 motion is affirmed.

All concur.