**Allen D. PRICE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55733.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 30, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 15, 1989.

Application to Transfer Denied
Nov. 14, 1989.

is sustained.

Scott E. Walter, Clayton, for appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Chief Judge.

Movant, Allen Price was convicted by a jury of first degree robbery § 569.020 RSMo 1978 and armed criminal action § 571.015 RSMo 1978. He received consecutive terms of ten years imprisonment and three years imprisonment, respectively. This court affirmed the conviction in *State v. Price*, 684 S.W.2d 566 (Mo.App.1984).

On April 18, 1988, movant filed a *pro se* Supreme Court Rule 29.15 motion. Counsel was then appointed and an amended motion filed. On October 28, 1988, movant's Rule 29.15 motion was denied without an evidentiary hearing.

On November 8, 1988, movant filed a *pro se* motion for rehearing pursuant to Supreme Court Rule 75.01. This motion was also denied. Movant appeals.

Appellate review of post-conviction relief is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Missouri Supreme Court Rule 29.15(j). Such findings and conclusions are deemed clearly erroneous only if, after review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Williams v. State*, 760 S.W.2d 200, 201 (Mo.App.1988).

First, movant contends the motion court erred in denying his Rule 29.15 motion in that Instruction No. 5, the verdict director for first degree robbery, varied from the facts alleged in the information. Movant raised this point on direct appeal. It was decided against him. *State v. Price*, 684 S.W.2d 566, 567 (Mo.App.1984). A matter decided on direct appeal may not be relitigated in post-conviction relief proceedings even if the movant offers a different theory. *Schlup v. State*, 758 S.W.2d 715 (Mo. banc 1988) citing *Gilmore v. State*, 731 S.W.2d 369, 371 (Mo.App.1987), cert. denied, 484 U.S. 933, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987). The motion court properly denied this point.

Second, movant alleges the motion court erred in not granting his 29.15 motion on the grounds that the trial court failed to hold an evidentiary hearing on the voluntariness of his inculpatory statement. This point also lacks merit. An issue which could have been raised on direct appeal, even though a constitution claim may not be raised in a post-conviction proceeding, except where fundamental fairness requires otherwise and only in rare and exceptional circumstances. *Brayfield v. State*, 738 S.W.2d 579, 580 (Mo.App.1987). Movant has failed to demonstrate that this claim could not have been raised on direct appeal or that exceptional circumstances are presented so that fundamental fairness permits the claim to now be made.

Movant's point also lacks factual support. As the motion court noted, the record indicates that on January 11, 1984, a motion to suppress was heard. It addressed the voluntariness of movant's statement and was overruled. Movant's second point was properly denied.

In his third and final point, movant alleges that the motion court erred in refusing to grant his *pro se* Rule 75.01 motion for rehearing to vacate and set aside previous findings of facts.

■ Movant's brief contains no authority in support of this point relied on. Movant does not offer any explanation for this lack of authority. Absent a proper explanation, as to the reason why authority is not available, points relied on without a citation of authority are deemed waived or abandoned. Rule 30.06(d). *State v. King,* 747 S.W.2d 264, 279 (Mo.App.1988).

■ Even if properly briefed, movant would not prevail on this point. At the time movant filed his *pro se* Rule 75.01 motion, he was still being represented by counsel. Movant has no right to proceed both *pro se* and through counsel. *Lewis v. State,* 767 S.W.2d 49, 52 (Mo.App.1989).

The motion court's judgment is affirmed.

CRANDALL and CARL R. GAERTNER, JJ., concur.