**STATE of Missouri, Plaintiff–
Respondent,**

v.

**Nikki S. MILLSAP, Defendant–
Appellant.**

No. 28094.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 6, 2008.

---

**3.** Plaintiff does not contend the judgment can be salvaged on a breach of contract theory.

Stuart P. Huffman, Springfield, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Richard A. Starnes, Assistant Attorney General, Jefferson City, MO, for Respondent.

THEODORE B. SCOTT, Senior Judge.

Nikki S. Millsap ("Defendant") appeals her conviction of a class C felony for possession of a controlled substance, methamphetamine, in violation of Section 195.202.[1] Defendant raises three points on appeal: first that insufficient evidence existed to prove that she knowingly and intentionally possessed the methamphetamine. Next, Defendant claims that a new trial should have been granted because, during voir dire, a venire person made a comment that so poisoned the rest of the panel that Defendant was prejudiced. Lastly, Defendant argues that the trial court erred in not granting her a continuance before trial.

On September 18, 2005, Officer Matthew Sloan of the Nixa Police Department ("Officer Sloan") received a report of a disturbance in the parking lot of a convenience store. When Officer Sloan arrived at the scene, Defendant and a man named Joseph Widelock ("Widelock") were standing next to a vehicle. The driver's door of the vehicle was open and Defendant was standing about a foot away from the driver's door. Widelock was standing by the passenger door, which was closed. While speaking to Defendant, Officer Sloan noticed a spilled over purse in the car, a glass pipe and a couple of hypodermic syringes on the driver's side floor. Officer Sloan then arrested Widelock and Defendant for possession of drug paraphernalia. At that point, Widelock told Officer Sloan that if there was anything illegal in the car, it was Defendant's and not his. Widelock later changed his story, and claimed that all the contraband in the vehicle belonged to him. Both Defendant and Widelock indicated to Officer Sloan that Defendant was the driver of the vehicle.

After arresting Defendant and Widelock, Officer Sloan searched the vehicle

---

1. Unless otherwise noted, all references to statutes are to RSMo (2000).

and, in addition to the items he had previously observed, found a small plastic bag with a white powder residue, several other small baggies and two more hypodermic syringes, one with liquid in it. Inside the purse, he found a driver's license belonging to Defendant. Officer Sloan later determined that the vehicle had been rented by Defendant. After Defendant was transported to the police department, Officer Sloan noticed puncture marks on her arm which led him to believe Defendant had recently used a syringe to inject something into her body.

The items that Officer Sloan confiscated were tested at the Missouri Highway Patrol Crime Lab for controlled substances. The glass pipe and the syringe with liquid in it tested positive for methamphetamine.

After a jury trial, Defendant was convicted of the class C felony of possession of a controlled substance and sentenced to thirty days in the Christian County Jail and fined $500. This appeal followed.

"In reviewing the sufficiency of the evidence, we deem all evidence favorable to the [S]tate to be true." *State v. Davis*, 226 S.W.3d 927, 929 (Mo.App. W.D.2007). All unfavorable inferences and evidence is disregarded. *Id.; State v. Morton*, 229 S.W.3d 626, 628 (Mo.App. S.D.2007). Our review is limited to a determination of whether sufficient evidence was presented from which a reasonable juror could have found the defendant guilty beyond a reasonable doubt. *Morton*, 229 S.W.3d at 627–28.

■ For her first point on appeal, Defendant argues that the trial court erred in not granting her motion for acquittal at the close of the State's evidence. Defendant claims that the State did not present sufficient evidence to demonstrate that she knowingly and intentionally possessed the methamphetamine.

Section 195.202 provides that "it is unlawful for any person to possess or have under his control a controlled substance." Methamphetamine is listed as a "controlled substance" under Section 195.017. Section 195.010(34), RSMo Cum.Supp. 2002, defines "[p]ossessed" or "possessing a controlled substance" as:

a person, with the knowledge of the presence and nature of a substance, has actual or constructive possession of the substance. A person has actual possession if he has the substance on his person or within easy reach and convenient control. A person who, although not in actual possession, has the power and the intention at a given time to exercise dominion or control over the substance ... is in constructive possession of it. Possession may also be sole or joint. If one person alone has possession of a substance possession is sole. If two or more persons share possession of a substance, possession is joint[.]

■ "To sustain a conviction for possession of a controlled substance, the State must prove (1) conscious and intentional possession of the substance, either actual or constructive, and (2) awareness of the presence and nature of the substance." *State v. Purlee*, 839 S.W.2d 584, 587 (Mo. banc 1992). The State may present circumstantial evidence to prove both knowledge and possession. *Id.*

■ Defendant argues that the vehicle was jointly possessed by her and Widelock. A joint control situation does not preclude a finding of possession so long as further evidence connects the defendant to the illegal substances. *State v. May*, 71 S.W.3d 177, 184 (Mo.App. W.D.2002). We consider the totality of the circumstances in determining whether sufficient further evidence has been established. *Id.*

In joint control cases, various different circumstances have been found to raise an inference of knowledge and control. In *State v. Smith,* 33 S.W.3d 648 (Mo.App. W.D.2000), the Western District addressed the various circumstances that can lead to an inference of knowledge and control. They included

> self incriminating statements; consciousness of guilt; routine access to the place where the controlled substance is found; the commingling of the controlled substance with a defendant's personal belongings; a great quantity of the illegal substance at the scene; the substance in public view and access by defendant.

*Id.* at 653 (internal citations omitted).

In the case at bar, no methamphetamine was found on Defendant's person. However, various other circumstances existed which would support an inference of knowledge and control over the methamphetamine.

Defendant was standing next to the open driver's side door of the vehicle that the methamphetamine was found in. Defendant's access to the vehicle and the illegal substances in it is an incriminating fact that is not destroyed by Widelock's joint access to the vehicle. *State v. Potter,* 72 S.W.3d 307, 312 (Mo.App. S.D.2002).

█ Defendant had rented the vehicle and was the driver of the vehicle. She had superior access to several of the syringes and the glass pipe as they were found on the floor of the driver's side in the car. Superior access to contraband that is accessible by two or more people is an incriminating fact. *State v. Booth,* 11 S.W.3d 887, 892 (Mo.App. S.D.2000).

Moreover, Officer Sloan testified that it looked as if Defendant's purse had spilled over. Viewed in the light most favorable to the verdict, a reasonable inference exists that the jury concluded that the syringes and pipe had spilled out of Defendant's purse. The commingling of a defendant's personal belongings with the controlled substance further supports an inference of knowledge and control. *Smith,* 33 S.W.3d at 653.

Additionally, the syringes and pipe were in Defendant's plain view, a fact that supports an inference of knowledge and control. *Id.* Lastly, Officer Sloan testified that he observed needle marks on Defendant's arm, which the jury could conclude indicated prior injection of the methamphetamine into Defendant's body via the syringes. Based on the foregoing, we find that the State presented sufficient additional evidence connecting Defendant to the methamphetamine. Defendant's first point is denied.

For her second point on appeal, Defendant argues that the trial court erred in not granting a mistrial after a venire person made comments that Defendant claims tainted the jury pool. Defendant admits that she has failed to preserve this issue on appeal, and therefore asks for plain error review under Rule 30.20.[2] Rule 30.20 provides that an appellate court may, in its discretion, review plain errors affecting substantial rights when the court finds that a manifest injustice or miscarriage of justice has resulted. Whether or not plain error has occurred is determined by reviewing the circumstances of each case. *State v. Ward,* 235 S.W.3d 71, 76 (Mo.App. S.D.2007).

Appellate courts employ a two-step process when determining whether plain error

---

**2.** Unless otherwise noted, all references to rules are to Missouri Rules of Criminal Procedure (2007).

has occurred. *Id.* at 75–76. Initially, the court ascertains whether substantial grounds for plain error have been facially established by the party's allegation. *Id.* at 76. When such grounds are deemed present, a reviewing court then enters the second step of the process, which involves a determination of whether plain error actually occurred. *Id.* If the party's allegation fails to establish facially substantial grounds of a manifest injustice or miscarriage of justice, then the court should not engage in plain error review. Rule 30.20; *Ward,* 235 S.W.3d at 76.

During voir dire, Defendant's counsel asked, "... does anybody else want to raise their hand or have comments that they need to make for us maybe about decisions about who would be good jurors in this case, the perfect jurors[?]" The venire person at issue responded that

> I just don't think I would be fair at all in this case. I accurately guessed what the case was about based on the defendant's appearance having had a brother and mother who were both addicts, so I would not be fair. I personally already made up my mind.

The particular venire person was later stricken for cause from the jury pool. Defendant's counsel did not make a request for a mistrial until after voir dire was finished, thereby depriving the trial court of the opportunity to offer any type of curative instruction.

■ We review a trial court's refusal to grant a mistrial for abuse of discretion. *State v. Coe,* 233 S.W.3d 241, 249 (Mo.App. S.D.2007). "Usually, disqualification of an individual juror for bias or expression of an opinion is insufficient for challenging the entire array." *State v. Evans,* 802 S.W.2d 507, 514 (Mo. banc 1991). To justify the necessity of striking the entire panel or declaring a mistrial, Defendant would have to show that the venire person's com-ments were so prejudicial and inflammatory so as to limit Defendant's right to a fair trial. *State v. Strong,* 142 S.W.3d 702, 723 (Mo. banc 2004).

We have reviewed the record of voir dire and find that no plain error affecting a substantial right occurred. Defendant's second point is denied.

■ For her last point on appeal, Defendant claims that the trial court erred in not granting her request for a continuance after Defendant learned that certain evidence would be excluded. Defendant asserts that her trial counsel had assured her that the trial court would take judicial notice of a guilty plea entered into by Widelock for possession of the controlled substance at issue in the case at bar, and that an affidavit by Widelock would be admitted.

The trial court refused to take judicial notice of Widelock's plea, and, after a brief recess where Defendant consulted with her counsel, the following exchange occurred:

> The Court: ... Something else for the record[?]
>
> Defendant's Counsel: ... I did not take the deposition of [Widelock], and I did not subpoena him as a witness today. And [Defendant] believes that had I done those two things or perhaps even one of those two things that she would be prepared for trial today.
>
> [Defendant] was under the impression that an affidavit that I have in my possession that was executed by [Widelock] would be coming into evidence today. And she believes that that is her entire case and that she would be prejudiced should the Court force her to do two things. One thing would be with me continuing as her counsel as she believes I have been ineffective; and also, to go to trial today as a witness pertinent to her case has not been subpoenaed.

The trial court then spoke briefly with Defendant and determined that Defendant was requesting a continuance and an order discharging her trial counsel. The trial court denied the motion. Based on the above exchange, Defendant asserts error in that the continuance should have been granted on the basis that Widelock constituted a missing witness.[3]

 The decision whether to grant or deny a motion for a continuance is within the sound discretion of the trial court. *State v. Lucas*, 218 S.W.3d 626, 629 (Mo. App. S.D.2007). This Court will not overturn the trial court's decision absent a strong showing of abuse. *Id.* Additionally, the party seeking the continuance must show that he or she was prejudiced by the denial of the motion. *Id.; State v. Artis*, 215 S.W.3d 327, 336 (Mo.App. S.D.2007).

In cases where the application for a continuance is based on a missing witness, Rule 24.10(a) requires that the party requesting the continuance show the "materiality of the evidence sought to be obtained and due diligence upon the part of the applicant to obtain such witness or testimony." Defendant has offered no evidence that she exercised due diligence in attempting to secure Widelock's testimony. In fact, Defendant's counsel readily admitted that she had failed to subpoena or depose Widelock. "The fact that defense counsel is not adequately prepared for trial is not ground for a continuance if counsel has had an adequate opportunity to prepare for trial." *Schlup v. State*, 758 S.W.2d 715, 716 (Mo. banc 1988) (quoting *State v. Richardson*, 718 S.W.2d 170, 172 (Mo.App. W.D.1986)).

In the case at bar, Defendant's counsel had begun her representation of Defendant in February of 2006 and the trial occurred in September of 2006, leaving a full six months for counsel to prepare. We find that during this time period Defendant's counsel had adequate time to prepare and the trial court did not abuse its discretion in denying the motion. *Schlup*, 758 S.W.2d at 716 (four months adequate time to prepare for hearing); *State v. Wade*, 666 S.W.2d 869, 871 (Mo.App. E.D. 1984) (three weeks adequate time to prepare for trial). Defendant's last point is denied.

The judgment of the trial court is affirmed.

BARNEY, P.J., and RAHMEYER, J., concur.

---

**3.** Defendant only asserts that the trial court erred in not granting the motion for a continuance because Widelock constituted a missing witness. Therefore, the issue of whether it was error to not allow the discharge of Defendant's trial counsel is not before us.