Byron P. MICHAEL, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 95622.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 20, 2011.

Mark Allen Grothoff, Columbia, MO, for appellant.

Chris Koster, Shaun J. Mackelprang, Evan J. Buchheim, Jefferson City, MO, for respondent.

KENNETH M. ROMINES, J.

**Background and Procedural History**

Appellant Byron P. Michael was charged by amended information with several crimes including manufacture of a controlled substance, possession of a controlled substance with intent to deliver, possession of drug paraphernalia with intent to manufacture a controlled substance, possession of ephedrine with intent to manufacture methamphetamine, and misdemeanor possession of drug paraphernalia. The facts at trial established that after midnight on 27 November 2004, Moberly police officer Tracy Whearty stopped a Geo Metro driven by Michael. When she approached the car she could smell odors consistent with the manufacture of methamphetamine. Officer Whearty returned to her vehicle to run the license and registration information. Upon returning to the Geo Metro she noticed the smell of air freshener. A search of the vehicle revealed a plastic jug sitting on the driver's side floorboard between Michael's legs which lab test confirmed contained ephedrine. Officers at the scene also discovered nearly every other material required to manufacture methamphetamine.[1]

The jury found Michael guilty of all four counts related to methamphetamine production, sale, and distribution. The court issued directed verdicts for the misdemeanor marijuana charges. On 22 May 2006, the trial court sentenced Michael to serve consecutive fifteen-year and four-year terms. On 30 October 2007, this Court issued a mandate denying his direct appeal. Michael timely filed a *pro se* Rule 29.15 Motion for post-conviction relief (PCR motion) on 30 November 2007, and appointed counsel filed an amended motion. The motion court held an evidentiary hearing on 10 May 2010, and issued findings of fact and conclusions of law denying the PCR motion on 8 September 2010. Aggrieved, Michael now appeals.

**Standard of Review**

■ Appellate review is limited to determining if the motion court's findings and conclusions are clearly erroneous, that is if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. Rule 29.15(k); *State v. Driver*, 912 S.W.2d 52, 54 (Mo. banc 1995); *Watt v. State*, 835 S.W.2d 404, 406 (Mo.App. E.D.1992).

**Discussion**

Michael raises two claims of ineffective assistance of counsel on appeal. First, Michael asserts that his trial counsel was ineffective for failing to adequately investigate and call as a witness Mark Powell, who would have provided independent corroboration of Michael's testimony. Second, he argues that trial counsel failed to object to the hearsay testimony of Officer Tracy Whearty that the owner of the Geo Metro, Peggy Johnson, denied any knowledge of the items found in the car, and that Johnson had told her Michael was the only person with permission to drive the car.

Generally, in any claim of ineffective assistance of counsel, the Movant must establish both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Failure to prove either prong is fatal to the claim. *Childs v. State*, 314

---

1. The car functioned as a rolling methamphetamine lab. Inside officers discovered "Roundup" sprayers, coffee filters, a hydrogen generator with iodized salt and sulfuric acid, pseudoephedrine pills, starter fluid, camping fuel, a gas mask and breather filters, "liquid fire," glass jars, numerous feet of plastic tubing, disposable gloves, goggles, and several other items.

S.W.3d 862, 866 (Mo.App. W.D.2010). To establish deficient performance, Movant must overcome the strong presumption that counsel acted professionally and that all decisions were based on sound trial strategy. *Id.* To establish prejudice, Movant "must show that, but for counsel's poor performance, there is a reasonable probability that the outcome of the court proceeding would have been different." *Id.* (internal citation omitted). If it is simpler to dispose of a claim of ineffectiveness on the ground of lack of sufficient prejudice, a court should follow that course. *Sidebottom v. State,* 781 S.W.2d 791, 796 (Mo. banc 1989).

## Issue One

■ Michael's first claim alleges that trial counsel was ineffective for not conducting a reasonable investigation to locate and call Mark Powell as a witness. He asserts that Powell could have provided testimony that would have aided the defense and established prejudice. To establish a claim of ineffective assistance for failing to call a witness, Michael must show that "(1) trial counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness's testimony would have produced a viable defense." *Hutchison v. State,* 150 S.W.3d 292, 304 (Mo. banc 2004). Regardless of the first three prongs, Michael is unable to establish that Powell's testimony would have produced a viable defense so this claim is without merit.

Assuming Powell would have actually taken the stand, he intended to testify that Michael's broken truck was parked at Powell's house. Michael was working on it on the night of the arrest, but he left Powell's house sometime between one and three hours prior to the arrest. The motion court stated in its findings:

> Powell's proposed testimony was limited to establishing that movant suffered the loss of his vehicle during the relevant time frame, that he went to Peggy Johnson's residence on the evening in question and shortly thereafter, Powell learned of Movant's arrest. Powell's testimony goes to collateral issues intended to support Movant's claim that he had very limited time in the Johnson vehicle where the meth lab was discovered and that he had no knowledge of it's presence at the time he was operating the vehicle.

Because the testimony that Powell could have provided was not material, Michael is unable to establish that it would have provided a viable defense, and he cannot satisfy the four-part test for ineffective assistance for failing to call a witness. As such, we cannot say that the trial clearly erred, and Michael's claim is denied.

## Issue Two

Michael also alleges that trial counsel was ineffective for failing to object to hearsay testimony by Officer Whearty about statements made to her by Peggy Johnson.

Two months after the Michael's arrest, Officer Whearty interviewed Johnson, the owner of the car Michael was driving, at her place of employment. Without objection from trial counsel, Officer Whearty offered the following testimony:

Q (State): Did she offer an explanation for the items in the vehicle?

A (Whearty): She didn't offer any explanation. She did advise that she didn't know anything about them, and that she only listed a few things that were hers in the vehicle, one of them being the title to the vehicle, but she said the stuff that Mr. Mi-

chael was being accused of she didn't have anything to do with it.

Q: So any of the items that are commonly utilized in the manufacture of methamphetamine and were documented and photographed and recovered from the vehicle, she denied any knowledge of?

A: Yes. That's correct.

Additionally, Officer Whearty testified that Johnson stated that Michael had borrowed the car because his vehicle was broken down, and that he was only person who had permission to borrow the car.

The performance prong of ineffective assistance analysis is highly deferential to the attorney such that "a court must indulge a strong presumption that counsel's conduct falls within the wide reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Sanders v. State*, 738 S.W.2d 856, 858 (1987) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052). Decisions concerning whether or when to make objections at trial are left to the judgment of counsel. *Lewis v. State*, 767 S.W.2d 49, 53 (Mo.App. W.D.1989). Ineffective assistance of counsel is not to be determined by a "post-trial academic determination that counsel could have successfully objected to evidence to evidence in a given number of instances." *Id.* at 53. The failure to object to objectionable evidence does not establish ineffective assistance of counsel unless the evidence resulted in a substantial deprivation of the accused's right to a fair trial. *Id.*

The decision not to object to Officer Whearty's testimony does not constitute deficient performance given the trial strategy underlying the decision. At the PCR hearing, trial counsel testified that he allowed the hearsay testimony because the portion that related to Michael having permission to borrow the car corroborated his version of the events. Though the strategy proved unsuccessful, we do not engage in hindsight analysis. Even assuming that such a decision constituted deficient performance, Movant is unable to establish that the prejudice prong of *Strickland*.

In denying the PCR motion on this claims, the court stated,

Overwhelming evidence established [the] elements of the offense, including Movant's stipulation regarding the presence of the meth lab in the vehicle, his commingling of personal effects with the lab, the testimony of the obvious physical presence of the lab, strong odor of chemicals in the passenger compartment of the vehicle and chemicals and Movant's admission that he sprayed the interior of the car with a product to mask the odor (between the time of the initial stop and before the officer's [sic] returned to the passenger compartment.

Given the sheer volume of evidence against Michael, he is unable to establish that but for the decision not to object to the hearsay testimony by Officer Whearty, the outcome of the trial would have been different. As Michael's claim fails on both the performance and deficiency prongs of the *Strickland* analysis, we cannot say that the motion clearly erred in denying the claim.

Based on the foregoing analysis, both of Michael's claims are without merit.

The judgment is affirmed.

KATHIANNE KNAUP CRANE, P.J. and LAWRENCE E. MOONEY, J., concur.